STATE EX REL. L. H. SMITH v. J. D. LEE.

(Filed 29 March, 1916.)

**1. Elections—Public Office—Title—Burden of Proof.**

In an action to try title to a local public office, in this case that of mayor of a town, the burden of proof is on the relator, and failing in this, he may not recover the office.

**2. Elections—Public Office—Pleadings—Votes Cast—Evidence.**

Where the title to a public office is in controversy, and the answer denies that the plaintiff was elected thereto, but admits that the judges of election counted the same number of ballots for the two candidates, it is competent for the parties to offer evidence of the legality of the votes counted.

**3. Elections—Public Office—New and Old Registration—Evidence—Trials—Nonsuit.**

Where the relator's title to office depends upon either the validity of a new registration or election according to the old registration book, and it appears that in either view he has failed to show that he received a majority of the votes cast at the election, he may not recover the office.

APPEAL by defendant from *Peebles, J.,* at September Term, 1915, of WAKE.

This is an action to try the title to the office of mayor of Fuquay Springs.

The plaintiff alleges: "Upon 8 May, 1915, in an election held pursuant to law, the plaintiff's relator, to wit, L. H. Smith, was duly elected to the office of mayor of the town of Fuquay Springs, Wake County, having received in said election a majority of one vote of the votes cast for mayor in said election, said office being a public office."

The defendant in his answer admits that an election was held at the time and place alleged in the complaint, but denies "that the plaintiff's relator, L. H. Smith, was duly elected to the office of mayor of the said town of Fuquay Springs, or that he received in said election a majority of one vote of the votes cast for said mayor in such election, or that he received any majority whatsoever, as will fully appear in the further defense hereinafter set forth in this answer."

The plaintiff further alleges that 45 ballots cast in said election were counted by the judges of election for the relator, Smith, and that 45 ballots were counted for his opponent, and that the judges of election failed to count the ballot of J. A. Powell, who voted for the relator, Smith.

The defendant admitted that the number of ballots counted were as alleged by the plaintiff, and further alleged that the said Powell was not a qualified voter.

The defendant also alleged in the amendment to the answer that the election was void upon the ground that there was no registration of voters.

Evidence was offered that the old registration books of the town of Fuquay had been lost or destroyed; that a new registration had been ordered, but that no legal notice of the registration had been given; that there were about 100 voters in Fuquay and that 90 or 91 of these voted.

There was a conflict of evidence as to whether the order for a new registration was generally known, and some evidence offered upon this question was excluded by the court.

Of the 45 ballots counted for the relator, one was the vote of F. W. Kurfees and another of A. J. Fletcher, neither of whom was registered on the old registration books, but who were registered on the new registration book.

J. A. Powell, who voted for the relator, but whose vote was not counted, was registered on the old registration books and not on the new registration book.

At the conclusion of the whole evidence the defendant moved for judgment of nonsuit, which was denied, and he excepted.

*Jones & Bailey and A. J. Fletcher for plaintiff.*
*Douglass & Douglass and R. N. Simms for defendant.*

ALLEN, J. The contention of the plaintiff is that the election could not be held under the new registration because of the failure to give legal notice of the registration, and that the right of the voters to vote must be determined by the old registration books, while the contention of the defendant is that no legal election was held, and that if this position cannot be maintained, that the election was held upon the new registration.

It would seem to be clear from the record that if the right of the plaintiff to recover is tested by either the old or the new registration, he cannot recover.

The burden is on the plaintiff to prove that he was duly elected, as this is alleged in the complaint and is denied in the answer.

The answer does not admit that 45 legal votes were cast for the relator, thereby leaving open only the question of the right of A. J. Powell to vote.

On the contrary, there is not only a denial that the plaintiff was elected, but also an allegation that the whole election was void, and the admission of the defendant is only that the judges of election counted 45 ballots for the relator and 45 ballots for his opponent.

It was therefore competent for the parties to offer evidence as to the legality of the votes counted, and if this is considered, the plaintiff

has failed to prove his title to the office by the old or the new registration.

If the old registration alone is considered, there must be deducted from the 45 votes counted for the relator the votes of Kurfees and Fletcher, who were not registered on the old registration books, which would leave his vote 43, and if the vote of Powell is added, he would have only 44 votes and his opponent 45.

If his title is tried by the new registration he is not entitled to recover unless the vote of Powell can be added to the votes counted for him, and Powell was not registered on the new registration book.

We are therefore of opinion that in any view of the evidence the plaintiff has failed to make out his title to the office, and that the judgment of nonsuit ought to have been allowed.

This renders it unnecessary to consider the other questions presented by the appeal.

Reversed.