### LILLIAN HARKRADER v. W. F. LAWRENCE.

(Filed 4 November, 1925.)

**1. Quo Warranto—Public Office—Elections—Courts—Jurisdiction.**

> *Quo warranto* or an information in the nature of *quo warranto* is the procedure to try the title to a public office between rival claimants thereto, when one is in possession thereof under a claim of right and in the exercise of its official functions, or the performance of its official duties, and is within the jurisdiction of the Superior Court, which is not ousted by declaration of the board of canvassers as to the result of the election or the issuance of a certificate of election.

**2. Elections—Public Office—Statutes—Results—Judicial Acts—Quo Warranto—Court's Jurisdiction.**

> The act of the county canvassers in declaring the result of an election to public office, C. S., 5986, cannot have the effect of ousting the jurisdiction of the Superior Court in *quo warranto* or information in the nature thereof.

**3. Same—Appeal and Error—Objections and Exceptions.**

> Objection to the counting of ballots and for a ruling thereon by the registrar and judges of election, to a public office, is not a condition precedent to the maintenance of *quo warranto*, etc., in the Superior Court.

APPEAL by defendant from the Superior Court of Surry County, *Schenck, J.* Affirmed.

*E. C. Bivens and Swink, Clement & Hutchins for plaintiff.*
*Folger & Folger for defendant.*

ADAMS, J. The plaintiff brought this action to try the title to the office of register of deeds of Surry County. She alleges that at an election held in November, 1924, she was duly elected to the office, and

that the board of county commissioners unlawfully issued the certificate of election to the defendant, who was thereafter unlawfully inducted into the office. She specifically alleges that in Rockford Township she received 186 votes and that for defendant 211 votes were counted, though he received only 200; that in Marsh Township seven votes were received after the polls had been closed, six of which were counted for the defendant; that 4,674 votes were cast for her in the election and for the defendant 4,664, although the board of commissioners had returned for the defendant a total of 4,681; that some of those who cast their ballots for the defendant were not qualified voters; were not residents of the precinct in which they voted or even of the State; or were not registered, or were absentee voters who had not complied with the law; and that the ballots of others qualified to vote were rejected and omitted from the count.

The defendant demurred to the complaint on three grounds: (1) The Superior Court had no jurisdiction of the action because the plaintiff alleges that the board of county canvassers declared the defendant elected and issued to him a certificate of election. (2) The county canvassers judicially determined the result of the election and finally passed upon all the matters in controversy and the plaintiff seeks to have the court review and overrule the action of the county board. (3) The plaintiff failed to object before the board of canvassers to the votes cast in the several precincts as provided by the Australian ballot which is applicable to Surry County. Laws Ex. Ses. 1924, ch. 37.

The defendant excepted to the judgment overruling the demurrer, and this exception presents his only assignment of error.

We do not perceive any valid reason for reversing the judgment. The cause first assigned by the defendant is obviously insufficient. Neither the declaration of the board of county canvassers as to the result of the election nor the issuance of a certificate of election can deprive the Superior Court of its jurisdiction to inquire into the regularity of the election and to determine whether the law has been observed or disregarded. One of the chief purposes of *quo warranto* or an information in the nature of *quo warranto* is to try the title to an office. This is the method prescribed for settling a controversy between rival claimants when one is in possession of the office under a claim of right and in the exercise of official functions or the performance of official duties; and the jurisdiction of the Superior Court in this behalf has never been abdicated in favor of the board of county canvassers or other officers of an election. *Rhodes v. Love,* 153 N. C., 469; *Johnston v. Board of Elections,* 172 N. C., 162, 167.

The second ground of demurrer is equally untenable. The county canvassers do not judicially determine the result of the election in the

sense of depriving the Superior Court of its jurisdiction. C. S., 5986. Under the statute they judicially determine the returns, stating the number of legal ballots cast for each officer, the names, and the number of votes. Whether section 5986 applies to the act of 1924, *supra,* need not be considered, for if it does the question has already been determined against the defendant's position. *Barnett v. Midgett,* 151 N. C., 1. The third cause of demurrer likewise is inadequate. Section 23 of the act of 1924, provides for making objection to the counting of any ballot and for a ruling thereon by the registrar and judges; but such objection by the plaintiff is not a condition precedent to the maintenance of an action in the Superior Court to test the legality of the election or to try the incumbent's title to the office he holds. Such a construction of the statute would serve as a means of promoting rather than preventing fatal irregularities or fraud in elections.

The judgment of the Superior Court is

Affirmed.