STATE OF NORTH CAROLINA, ON THE RELATION OF B. RAY COHOON, v.
ROBERT L. SWAIN.

(Filed 18 October, 1939.)

1. **Elections § 19—**

   In an action to recover possession of a public office, the complaint alleging the election of relator, the issuance of a certificate of election to him by the county board of elections, relator's qualification as provided by statute, and the refusal of defendant to surrender the office, states a cause of action and defendant's demurrer *ore tenus* to the complaint is properly overruled.

2. **Same—**

   The statutory certificate of election is *prima facie* proof that the person therein designated is entitled to the office specified upon his qualification, and is conclusive until reversed or adjudged to be void in a proper proceeding by a court of competent jurisdiction, and such certificate and evidence of qualification is sufficient to overrule defendant's motion to nonsuit in relator's action for possession of the office.

3. **Pleadings § 8—**

   A plea by denial simply controverts the material allegations of the complaint and puts plaintiff to proof; while a plea in confession and avoidance sets up new matter, which is matter not appearing in the complaint, constituting an affirmative defense, C. S., 519, and such new matter must be properly alleged in order to give notice that it will be used.

4. **Elections § 19—Mere denial by defendant of issuance of certificate of election to relator does not entitle defendant to attack legality of election.**

   In this action for possession of a public office, plaintiff relator alleged, and offered supporting evidence, that he had been elected, that certificate of election had been issued to him by the county board of elections, and that he had duly qualified for the office, but that defendant holding over after the expiration of his term of office, refused to give up possession. Defendant merely denied the material allegations of the complaint. *Held:* The answer merely put relator to formal proof of the matters alleged, and evidence in support of defendant's contention that irregular and illegal ballots had been cast in the election was properly excluded in the absence of supporting allegation, irregularity and illegality in the election being new matter constituting an affirmative defense which must be alleged in order to give notice that it will be used.

APPEAL by defendant from *Carr, J.,* at April Term, 1939, of TYRRELL. No error.

Civil action instituted by plaintiff, elected sheriff for the term beginning the first Monday in December, 1939, to recover the physical possession of the office, books, etc., from the defendant, the sheriff for the preceding term, who is holding over.

COHOON *v.* SWAIN.

The defendant was appointed in 1937 to fill the unexpired term of the sheriff who died. Said term expired on the first Monday in December, 1938. He and the relator were rival candidates for said office in the general election of 1938. The several registrars and judges of election in the various polling precincts in said county counted and canvassed the vote and duly made returns thereof to the county board of elections of Tyrrell County. When the county board of elections met to canvass the vote the defendant challenged the returns of the precinct election officials and demanded an investigation. Pursuant thereto the county board of elections set a date for and held a hearing. As a result thereof the said board determined and declared that the relator had received the highest number of legal votes cast in said election for said office and had been elected to same and so certified, as required by law. Thereupon, the defendant appealed to the State Board of Elections. The State Board of Elections set a date for and held a hearing in which the parties and counsel appeared. Upon said hearing the said board dismissed the appeal of the defendant and affirmed the finding of the county board of elections, and so certified to said county board, and the county board issued and delivered to the relator a certificate of election. Thereafter, on the first Monday in December, 1938, the relator presented his certificate of election to the county board of commissioners, took and subscribed the oath of office before the clerk of the Superior Court of Tyrrell County, and tendered to the board of commissioners the statutory bonds with good and sufficient sureties, which were received, approved and accepted by the board of commissioners of Tyrrell County. Having thus duly qualified for the office of sheriff, as required by statute, the relator made demand upon the defendant to turn over to him said office, together with the property and effects of the same, which the defendant refused to do. Thereupon, the relator, with leave of the Attorney-General of the State of North Carolina, instituted this action to compel the defendant to forthwith surrender to him the said office, together with the books, property and effects of the same.

The defendant, in his answer, entered a general denial of the several allegations contained in the complaint. He did not allege any fraud or irregularity in the conduct of the election or in the counting of the ballots. He denied the issuance to the relator of a certificate of election but made no affirmative attack thereon.

When the case came on for trial, after the plaintiff had offered evidence tending to support the allegations of his complaint, the defendant tendered evidence for the purpose of showing that certain absentee ballots were illegally cast and counted, sufficient in number, as he contends, to change the result of the election. He likewise offered evidence which, he contends, will tend to show the illegality of such ballots. On objec-

tion, this evidence was excluded and the defendant excepted. Issues were submitted to the jury as follows:

"1. Is the relator, B. Ray Cohoon, the duly elected and qualified sheriff of Tyrrell County for the term beginning 5 December, 1938, as alleged in the complaint?

"2. Is the respondent wrongfully in possession of said office, its property and effects, as alleged in the complaint?"

The court in its charge instructed the jury that if it believed the evidence, found the facts to be as the testimony tended to show and so found by the greater weight of the evidence, it should answer each issue "Yes." Upon the verdict of the jury in favor of the relator in accord with the charge the court entered judgment, to which the defendant excepted and appealed.

*McMullan & McMullan and W. L. Whitley for relator, appellee.*

*M. B. Simpson, Sam S. Woodley, and John H. Hall for defendant, appellant.*

BARNHILL, J. The defendant interposed a demurrer *ore tenus* to the complaint. Exception to the judgment of the court overruling the demurrer cannot be sustained. The complaint alleges the election of the relator, the issuance of a certificate of election, his qualification as provided by statute and the refusal of the defendant to surrender the office. These averments are the essentials of his cause of action.

Nor can the exception to the refusal of the court to enter judgment of nonsuit be sustained. The certificate of election issued to the successful candidate is an official document having legal import and effect. It is authorized and required by statute and it proves *prima facie* the pertinent facts stated therein. *Roberts v. Calvert,* 98 N. C., 580. The declaration of election as contained in the certificate conclusively settles *prima facie* the right of the person so ascertained and declared to be elected to be inducted into, and exercise the duties of the office. *Gatling v. Boone,* 98 N. C., 573; *Cozart v. Fleming,* 123 N. C., 547; *Harkrader v. Lawrence,* 190 N. C., 441; *Lyon v. Commissioners,* 120 N. C., 237; *Rhodes v. Love,* 153 N. C., 468. "The law contemplates and intends generally that the result of an election as determined by the proper election officials shall stand and be effective until it shall be regularly contested and reversed or adjudged to be void by a tribunal having jurisdiction for that purpose." *S. v. Cooper,* 101 N. C., 684; *Bynum v. Comrs.,* 101 N. C., 414; *S. v. Jackson,* 183 N. C., 695; *Jones v. Flynt,* 159 N. C., 87. "The certificate of election is not subject to attack except in a civil action in the nature of a *quo warranto* proceeding. *Gatling v. Boone, supra; Cozart v. Fleming, supra; Swain v. McRae,*

80 N. C., 111. The evidence offered by the relator was amply sufficient to defeat the motion to nonsuit.

The defendant further assigns as error the refusal of the court below to admit evidence in respect to alleged irregular and illegal ballots cast in the election tending to show that certain votes have been wrongfully and fraudulently counted for the relator.

The defendant, in his answer, denies the election of the relator and the issuance of a certificate of election. He likewise denies that the relator took and subscribed the required oath and filed the statutory bonds which were approved and accepted by the county board of commissioners. He alleges and asserts no fact which would challenge or tend to invalidate the certificate of election or impeach the due qualification and induction into office of the relator.

The answer must contain any new matter relied on by the defendant as constituting an affirmative defense. C. S., 519. Setting forth new matter as a defense is an affirmative pleading on the part of the defendant and the facts should be alleged with the same clearness and conciseness as in the complaint. McIntosh, sec. 461. The defendant merely denies the existence of a certificate of election. He raises no issue in his pleadings as to its validity. The certificate proved *prima facie* the pertinent facts stated in it and puts the burden on him who alleges the contrary to prove it clearly. *Roberts v. Calvert, supra.* But the defendant made no allegations and asserts no fact in his answer which challenges the correctness or truth of the facts recited in the certificate. The plea by denial simply controverts the material allegations of the complaint and forces the plaintiff to prove them; and new matter as a defense is a plea in confession and avoidance. It confesses the validity of the plaintiff's claim, except for the matters alleged to avoid it. New matter as a defense means that it does not appear in the complaint and it must, therefore, be pleaded in order to give notice that it will be used. McIntosh, sec. 461.

Upon the production of the certificate of election the defendant, in fact, became the complaining party under the contentions he now makes, that is, he undertakes to assert that the certificate is invalid for irregularities in the election and in the votes cast, and that he is the duly elected candidate.

He is in possession of the office holding over after his term expired. He denies that the relator holds a certificate of election and has duly qualified for office. If he wished to proceed further and to controvert the validity of the certificate on the ground of illegality in the election or in the casting or counting of votes, and to affirmatively assert his right to the office for the new term under the election, he was required to allege the essential facts in respect thereto so as to put the relator on

notice as to the nature of his defense. If it was his desire to impeach the election for irregularities in the manner in which it was conducted or in respect to votes improperly cast and counted so as to show that he was the successful candidate, it was his duty to plead the same and he cannot offer evidence thereof in the absence of such plea.

In regard to the admissibility of the evidence impeaching the election and the certificate of election without supporting allegation, this seems to be a case of first impression in this Court. We have found no case, and none has been called to our attention, in which the point has been raised heretofore. Perhaps this is due to the fact that the unsuccessful candidate is the one who ordinarily institutes the action.

While the defendant relies on *Smith v. Lee,* 171 N. C., 260, that case is not in point. There the vote was a tie. No certificate of election was issued. The relator alleged that the election officials had failed to count the vote of one Powell, which, if counted, would give him a majority. The defendant denied the right of Powell to vote and affirmatively pleaded that the election was void. He likewise cites *S. v. Jackson,* 183 N. C., 695. In that case the defeated candidate was the relator and expressly alleged in his complaint fraud and misconduct on the part of the pollholders, registrars, and judges of election. Likewise, in all other cases we have examined where evidence of fraud or illegality was admitted, there was allegation of such either in the complaint or the answer.

There being no plea of illegality or fraud in the answer, we are of the opinion that the court below properly excluded the tendered evidence.

Strictly speaking, this is not an action to try title to office. The relator, having received a certificate of election and having duly qualified, instituted the action against the defendant, the sheriff during the preceding term who was holding over under the law until his successor was duly elected and qualified, to compel the defendant to forthwith "surrender the said office to him, together with the books, property and effects of the same, and that he be compelled to account for and pay over to the relator any and all sums which may have come into his hands since the qualification of the relator as aforesaid." Nowhere in the pleadings is it asserted that the defendant was elected or is entitled to the office for the current term. He has never attempted to qualify therefor and is simply holding over until his successor qualifies. He denies the issuance of the certificate of election and that the relator has been inducted into office. These are the only issues raised by the pleadings. The defendant has elected to simply require the relator to formally prove his right as defendant's successor.

No error.