STATE OF NORTH CAROLINA BY HARRY McMULLAN, ATTORNEY-GENERAL OF THE STATE OF NORTH CAROLINA, UPON THE RELATION OF ROMULUS A. HEDGPETH, v. W. R. ALLEN, A. P. PAGE AND W. W. DAVIS, COMMISSIONERS, AND E. M. JOHNSON, MAYOR OF THE TOWN OF LUMBERTON, AND JOHN RHODES BARNES.

(Filed 10 December, 1941.)

**1. Pleadings § 20—**

A demurrer on the ground that the complaint fails to state a cause of action admits the facts alleged in the complaint.

**2. Same—**

Upon demurrer the allegations of the complaint will be liberally construed in favor of the pleader.

**3. Quo Warranto § 2—**

A complaint alleging that plaintiff was a candidate for town commissioner and received a plurality of the votes cast in the primary, that in the following general election he received eight votes for said office and that no votes were cast for any other person, and that thereafter the commissioners, over plaintiff's protest, passed a resolution ousting plaintiff, states a cause of action and defendants' demurrer is properly overruled, no ground upon which plaintiff could have been legally ousted appearing from the complaint.

**4. Public Officers § 6—**

Even if the election of a public officer to succeed himself is for any reason void, such officer would hold over until his successor is elected and qualified.

**5. Quo Warranto § 1—**

The proper procedure to try title to public office is by action in the nature of *quo warranto.*

APPEAL by defendants from *Olive, Special Judge,* at August Term, 1941, of ROBESON.   Affirmed.

This was an action in the nature of *quo warranto* to try the title to the office of commissioner of the town of Lumberton, North Carolina.

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants appealed.

*Varser, McIntyre & Henry for plaintiff Hedgpeth, appellee.*
*F. D. Hackett for defendant Barnes, appellant.*

DEVIN, J. The demurrer challenges the sufficiency of the complaint to state a cause of action on the ground that it does not affirmatively appear therein that the plaintiff is entitled to the office of commissioner of the town of Lumberton, or that he was wrongfully ousted therefrom.

It is a familiar rule that in the consideration of a demurrer, on the ground here interposed, the facts alleged in the complaint will be deemed admitted, and the allegations will be construed liberally in favor of the pleader. *Adams v. Cleve,* 218 N. C., 302, 10 S. E. (2d), 911. The facts alleged in the complaint are substantially these: The plaintiff was a member of the board of town commissioners of Lumberton for the third ward, having been elected in May, 1939, for a term of two years. In accord with the applicable provisions of the town charter (ch. 343, Private Laws 1907) a primary was held the last Tuesday in April, 1941, to nominate candidates for commissioner, and in said primary the plaintiff was a candidate and received a plurality of the votes cast for commissioner in the third ward. On the first Monday in May (5 May) following, in accord with the charter, an election for mayor and commissioner was duly held, and the plaintiff received eight votes for said office and no votes were cast *contra.* Thereafter, on 13 June, 1941, a resolution was adopted by the board of commissioners, over the protest of the plaintiff, declaring the defendant Barnes commissioner of the third ward, and thereby ousting the plaintiff. It further appeared from the complaint that on 1 May, 1941, the board of commissioners had attempted, over the objection of the plaintiff, to call another primary for the selection, of a candidate for commissioner of the third ward, to be held 8 May, but it is alleged the charter contains no provision for a second primary, and that the date attempted to be set for the second primary was subsequent to the date of the general election wherein the plaintiff had been duly elected. The charter provides that the term of a town commissioner shall be two years and until his successor is elected and qualified. C. S., 3205.

For the purposes of the demurrer the facts alleged must be taken to be true. Hence, it appears that the plaintiff was duly elected to the office he claims on 5 May, 1941, and that though he received only eight votes, there were no votes for any other person, and that, if for any reason, which does not appear, the election was void, he would hold over

until his successor was elected and qualified. There was no vacancy, such as contemplated in the charter, which would empower the board to elect a successor. The complaint does not show any ground upon which the plaintiff could have been legally ousted.

Procedure by action in the nature of *quo warranto* would seem to be the proper method to determine the title to the office in controversy. *Ellison v. Raleigh,* 89 N. C., 125; *Harkrader v. Lawrence,* 190 N. C., 441, 130 S. E., 35; *Osborne v. Canton,* 219 N. C., 139, 13 S. E. (2d), 265.

The judgment overruling the demurrer is
Affirmed.