STATE OF NORTH CAROLINA, ON RELATION OF J. T. LEDWELL, v.
T. G. PROCTOR.

(Filed 25 March, 1942.)

**1. Pleadings § 17—**

A demurrer is properly overruled on the ground that the complaint fails
to state a cause of action when the demurrer fails to point out any defect
in the complaint which would entitle defendant to a dismissal.

**2. Pleadings § 15—**

A demurrer will be sustained if the complaint fails to allege each mate-
rial ultimate fact comprising plaintiff's cause of action.

**3. Elections § 16—**

The machinery provided by C. S., ch. 97, as amended, for ascertaining
and declaring the successful candidate in an election applies to all munici-
pal elections.

**4. Same—**

The returns made by the precinct officials constitute but a preliminary
step in ascertaining the results of an election, and such returns must be
canvassed and declared by the board of canvassers as an essential part
of the election machinery, which board, after judicially determining the
results, must issue a certificate of election to the successful candidate upon
which he may qualify and enter into the discharge of the duties of the
office.  C. S., 5985, 5986, 5991.

**5. Same—**

In canvassing the returns and judicially determining the results of an
election, the board of elections has authority, judicial in its nature, to
examine the returns and decide upon their correctness and sufficiency, and
pass upon the legality of any disputed ballots, and to accept or reject them.

**6. Same—**

The declaration of the board of elections as to the results of an election
and its certificate issued thereon, while *prima facie* correct, are not con-
clusive, and may be reviewed by the courts, but contesting candidates must
first exhaust their remedies before the board of elections before resorting
to the courts.

**7. Quo Warranto § 2—**

In an action in the nature of *quo warranto* to try title to a public
office, a complaint which fails to allege that the returns of the precinct
officials had been canvassed and the result of the election judicially deter-
mined by the board of elections and that it had issued its certificate, is
fatally defective and a demurrer *ore tenus* will be allowed in the Supreme
Court on appeal, since resort may not be had to the courts until after the
machinery for the ascertainment of the results of the election has been
exhausted.

APPEAL by defendant from *Burney, J.,* at September Term, 1941, of
LEE. Demurrer sustained.

6—221

LEDWELL *v.* PROCTOR.

Civil action in the nature of a *quo warranto* to try title to the office of alderman of the town of Sanford for the two-year term from 1 July, 1941, to 30 June, 1943, heard on demurrer.

After alleging the necessary preliminary facts the plaintiff in his complaint further alleges that he and the defendant were candidates for alderman of the town of Sanford from the third ward and were voted upon in the general municipal election held 6 May, 1941, at which election the plaintiff received 186 and the defendant received 179 votes, all of which was shown and set out in the official returns and report of said election in said ward by the registrar and judges of election; that plaintiff received a majority of the legal votes cast in said election and was duly elected and is entitled to qualify as alderman from said ward for said term; that certain votes, 11 in number, were illegally cast for the defendant; and that defendant has wrongfully and unlawfully taken the oath and assumed the official duties and is acting in the official capacity of alderman from said ward and should be removed therefrom and the plaintiff declared to be the duly qualified elected alderman from said ward and entitled to the office and the fees and emoluments therefrom.

Upon said allegations plaintiff prays that he be declared the duly elected alderman for said term; that the defendant be ousted and that he, the plaintiff, recover of the defendant the emoluments received from said office.

The demurrer interposed in the court below was overruled and the defendant appealed.

*K. R. Hoyle and J. G. Edwards for defendant, appellant.*
*D. E. McIver and Gavin, Jackson & Gavin for plaintiff, appellee.*

BARNHILL, J.   The demurrer interposed in the court below was properly overruled. It fails to point out any defect in the complaint which would entitle the defendant to a dismissal of the action.

In this Court the defendant interposed a demurrer *ore tenus* for that it appears upon the face of the complaint that it fails to state or set out a cause of action or to state or set out facts sufficient to constitute a cause of action. This demurrer was reduced to writing and points out in detail the alleged deficiencies in the complaint, in substance as follows; for that it is not alleged: (1) that the returns made by the registrar and judges of election were canvassed and the result determined and declared by the municipal board of elections and a certificate of elections issued to plaintiff or any other person; (2) that any canvass and determination of the result of such election made by the municipal board of elections was not correctly and legally done and performed; (3) that said board, in any respect, acted wrongfully or wantonly, arbitrarily, or unlawfully or otherwise than in good faith; (4) that a certificate of elec-

tion required by law was issued to relator or was not issued to defendant; (5) that upon a canvass by said board the result was not accurately, legally and correctly ascertained and declared, or that defendant was not declared to have received a majority of the votes; (6) that relator has presented himself for qualification or offered to take the oath of office and been denied such right or that he has presented a certificate of election and demanded the right to qualify; and (7) that the allegations that defendant "wrongfully and unlawfully" assumed and has "usurped" the office are not supported by requisite allegations of fact and constitute mere conclusions of the pleader.

May a contestant for public office maintain a civil action in the nature of *quo warranto* upon the mere allegation that he has received a majority of the votes cast as shown by the returns of the registrar and judges of election without further alleging that such returns have been canvassed and that upon such canvass it has been ascertained and declared that he is the duly elected candidate and that a certificate of election was thereupon issued to him? On the facts in this case we must answer in the negative.

That the pleader must allege all the material ultimate facts upon which his cause of action is based has become axiomatic. If all such facts are not alleged a demurrer will be sustained.

Our election law, Consolidated Statutes, ch. 97, as amended, provides certain machinery to be followed in ascertaining and declaring the successful candidate in an election. It is applicable to all municipal elections. Sec. 2, ch. 164, Public Laws 1929. See also sec. 42, ch. 164, Public Laws 1929, and *Phillips v. Slaughter,* 209 N. C., 543, 193 S. E., 897.

A certified statement of the results of an election in any ward or precinct must be signed by the registrar and judges of election and a copy thereof must be furnished to the board of canvassers. C. S., 5985, as amended by sec. 8, ch. 165, Public Laws 1933. Upon receipt of such returns the result of the election must be canvassed and declared by the said board, C. S., 5986, as amended by ch. 165, Public Laws 1933; after which the board must judicially determine the result and issue a certificate of election to the successful candidate. C. S., 5991, as amended by ch. 165, Public Laws 1933. It is then, and upon the certificate thus issued, the party elected may qualify and enter upon the discharge of the duties of the office to which he has been elected. *Cohoon v. Swain,* 216 N. C., 317, 5 S. E. (2d), 1.

In canvassing the returns and judicially determining the result the board of canvassers must pass upon the legality of any disputed ballots. *Burgin v. Board of Elections,* 214 N. C., 140, 198 S. E., 592.

It follows that the board of elections has authority, judicial in its nature, to examine the returns and decide upon their regularity, correctness and sufficiency, and to accept or reject them. *Gatling v. Boone,*

98 N. C., 573; *Barnett v. Midgett,* 151 N. C., 1, 65 S. E., 441. It constitutes an essential part of the machinery provided by statute for the ascertainment of the successful candidate in an election to which contesting candidates must first resort for the determination and declaration of the results of the election. The returns made by the registrars and judges of election merely constitute a preliminary step and such returns alone do not entitle the apparently successful candidate to the office.

While the declaration of the board of elections of the result of an election as judicially determined and the certificate issued thereon are not conclusive, they must be taken as *prima facie* correct. *Jones v. Flynt,* 159 N. C., 87, 74 S. E., 817; *S. v. Jackson,* 183 N. C., 695, 110 S. E., 593; *Cohoon v. Swain, supra.* "The declaration of election as contained in the certificate conclusively settles *prima facie* the right of the person so ascertained and declared to be elected to be inducted into, and exercise the duties of, the office. *Cohoon v. Swain, supra,* and cases cited. The law contemplates and intends generally that the result of an election as determined by the proper election officials shall stand and be effective until it shall be regularly contested and reversed or adjudged to be void by a tribunal having jurisdiction for that purpose and the certificate of election is not subject to attack except in a civil action in the nature of a *quo warranto* proceeding. *Cohoon v. Swain, supra,* and cases cited.

*Non constat* the declaration of the result and the issuance of a certificate by a board of elections is *prima facie* correct, it is not conclusive. Resort, in proper instance, may be had to the courts and the courts may examine and pass upon the correctness and sufficiency of the return and to settle and determine the true and lawful result of the election as it affects the right of the parties before the court. *Gatling v. Boone, supra; Harkrader v. Lawrence,* 190 N. C., 441, 130 S. E., 35, and cases cited. Even so, the court will not permit itself to be substituted for the board of elections in the first instance for the purpose of canvassing the returns from the precinct officials and declaring the results thereof. The contesting candidates must first use the machinery at hand before applying to the court for relief.

Here the relator does not allege that the returns of the precinct officials have been canvassed or that the result of the election has been judicially determined or that a certificate has been issued or that the board of election acted arbitrarily or in bad faith. Nor does he allege that upon such canvass it was judicially determined that he is the duly elected candidate or that he has received or is entitled to receive a certificate of election. On the contrary, plaintiff admits in his brief that there was no canvass. It follows that the complaint fails to state a good cause of action.

The demurrer *ore tenus* entered in this Court was well advised and must be sustained.

Demurrer sustained.