JEFF J. GARNER, CHARLES L. GREEN, CLAUDE A. HENDERSON, LESLIE MANN, CLAUDE HENDERSON, H. F. WILLIAMS, J. I. MIZELLE, J. C. BELL, IVEY V. HASKETT, T. W. HASKETT, J. S. SMITH, L. P. SMITH, C. M. GARNER, LEONARD CARROLL, C. C. NORRIS, H. S. JONES, L. C. MANN, LEE F. BROCK, AMY HARKLEY, JOHN CARROLL, J. WHEELER SMITH, WILLIAM R. BELL AND C. S. GOULD, SR., v. THE TOWN OF NEWPORT, A MUNICIPAL CORPORATION; BOARD OF COMMISSIONERS OF THE TOWN OF NEWPORT; PRENTICE M. GARNER, B. R. GARNER, H. G. GURGANUS, W. V. GARNER AND J. M. COX, COMMISSIONERS OF THE TOWN OF NEWPORT; LEON MANN, JR., MAYOR OF THE TOWN OF NEWPORT; EDITH LOCKEY, TOWN CLERK OF THE TOWN OF NEWPORT.

(Filed 7 June, 1957.)

**1. Elections § 18b—**

In an action to restrain the issuance of bonds on the ground of irregularities in the bond election, a complaint which fails to allege that the officers appointed to hold the election had reported the results thereof to the governing body of the municipality and that the governing body had canvassed the returns and judicially determined the result, is demurrable, since the court will not permit itself to be substituted for the proper election officials in the first instance for the purpose of canvassing the returns and declaring the result.

**2. Taxation § 38a—**

A municipal ordinance for the issuance of funding or refunding bonds need not specify that a tax sufficient to pay the principal and interest shall be annually levied and collected, and in an action to enjoin the issuance of bonds, the failure of the complaint to allege that the proposed bonds were not funding or refunding bonds does not disclose invalidity. G.S. 160-379 (2)(c).

APPEAL by plaintiffs from *Frizzelle, J.,* January Term 1957 of CARTERET.

Action to restrain the issuance and sale of $120,000.00 of bonds for the purpose of enlarging and extending a water works system in the Town of Newport.

15—246

The original complaint alleged numerous alleged irregularities in the bond election held in the Town of Newport on 4 September 1956. Defendants filed a written demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, and in the demurrer pointed out in detail that the complaint failed to allege facts as to how the so called irregularities affected the result of the election, failed to state that the vote was canvassed as provided by statute, failed to allege that any qualified voter was denied the right to vote, failed to allege that any unqualified voter cast a vote, etc. This demurrer came on to be heard at the November Term 1956 of the Superior Court, the Honorable Chester R. Morris, Judge Presiding. Judge Morris sustained the demurrer, and in his discretion allowed plaintiffs 30 days within which to amend their complaint, or to replead.

Whereupon, plaintiffs amended their complaint by alleging:

"10. That the registrar and judges of the election failed at all times to remain at their posts and at times vacated the precinct polling place, leaving same improperly attended and the ballots, both cast and unused, unguarded.

"11. That the defendants failed to act in accordance with the requirements of the statute, did not see that the polling places were properly attended and in effect did not see fit to make inquiry on their own after they were advised of the defects herein set forth."

Defendants filed a demurrer to the amended complaint similar to their demurrer to the original complaint.

Judge Frizzelle rendered judgment sustaining the demurrer, and plaintiffs appealed.

*C. R. Wheatly, Jr., for Plaintiffs, Appellants.*
*George W. Ball for Defendants, Appellees.*

PER CURIAM. Plaintiffs in their brief have restricted their argument to this one allegation in their complaint: "5. . . . there were more electors who cast a ballot against the proposal than there were those who cast a ballot for the proposal and that if the election had been conducted properly in accordance with the pertinent provisions of the law the proposal as contained in the ordinance would have been defeated."

The effect of the judgment upon the demurrer to the original complaint as to whether or not it is *res judicata* is not presented by any pleading. *Thomason v. R. R.,* 142 N.C. 300, 55 S.E. 198. This action is before us on the pleadings alone.

G.S., Chapter 160, is entitled Municipal Corporations. G.S. 160-387 is captioned "Elections on Bond Issue," and subsection 6 thereof reads: "The officers appointed to hold the election, in making return of the result thereof, shall incorporate therein not only the number of votes cast for and against each ordinance submitted, but also the number of voters registered and qualified to vote in the election. The governing body shall canvass the returns, and shall include in their canvass the votes cast and the number of voters registered and qualified to vote in the election, and shall judicially determine and declare the result of the election."

Plaintiffs have not alleged that the officers appointed to hold the election made a report of the result thereof to the governing body, and have not alleged that the governing body canvassed the returns and judicially determined the result of the bond election. The statute contemplates and intends that the result of an election as determined by the proper election officials shall stand until it shall be regularly contested and reversed by a tribunal having jurisdiction for that purpose. The court will not permit itself to be substituted for the proper election officials in the first instance for the purpose of canvassing the returns from the officers holding the election and declaring the result thereof.

*Ledwell v. Proctor,* 221 N.C. 161, 19 S.E. 2d 234, was a *quo warranto* proceeding to try title to the office of alderman of the Town of Sanford. Plaintiff alleged that he received 186 votes in the municipal election and the defendant 179 votes, which was set out in the official returns of the election officials, that plaintiff received a majority of the legal votes cast in the election. This Court held that the complaint failed to allege that the returns of the precinct officials had been canvassed and judicially determined by the proper officials, and was fatally defective. The Court said: "The contesting candidates must first use the machinery at hand before applying to the court for relief."

The allegation in the complaint solely relied on by plaintiffs in their brief is insufficient to meet the challenge of the demurrer.

Plaintiffs have alleged in their complaint "that the ordinance failed to specify that a tax sufficient to pay the principal and interest of the bonds shall be annually levied and collected." Such a statement may be omitted in the ordinance in the case of funding or refunding bonds in the discretion of the governing board of the town. G.S. 160-379, sub-section 2(c). There is no allegation in the complaint that the proposed bonds were not funding or refunding bonds.

A consideration of the complaint, and the amendment thereto, leads us to the conclusion that facts sufficient to constitute a cause of action are not stated.

Affirmed.