C. G. BERRY v. CITY OF WILMINGTON, NORTH CAROLINA
No. 695SC224

(Filed 28 May 1969)

**1. Pleadings § 21— necessity for stating grounds of demurrer**

G.S. 1-128 applies to all demurrers, written or oral, and if the grounds for demurrer are not distinctly specified, the demurrer may be disregarded.

**2. Pleadings § 21— demurrer for failure to state cause of action — pointing out defect in complaint**

A demurrer for failure of the complaint to state a cause of action is properly overruled when the demurrer does not point out any defect in the complaint which would entitle defendants to a dismissal of the action.

**3. Pleadings § 26— demurrer — failure to point out defect in complaint**

Defendant's demurrer is properly overruled where it merely alleges that the complaint does not state facts sufficient to constitute a cause of action and sets forth abstract principles of law which do not distinctly specify any grounds of objection to the complaint.

ON certiorari to Superior Court of NEW HANOVER County, on petition of defendant to review order of *Bundy, J.,* dated 17 December 1968 overruling demurrer interposed by defendant. Defendant excepted to the overruling of the demurrer.

*McClelland & Barefoot by R. S. McClelland, and Rountree and Clark by George Rountree, Jr., for plaintiff appellee.*

*Yow and Yow by Cicero P. Yow and Lionel L. Yow, and James L. Nelson for defendant appellant.*

*Donald L. Smith for City of Raleigh, Amicus Curiœ.*

MALLARD, C.J.

The complaint filed herein by the plaintiff reads as follows: "The plaintiff, complaining of the defendant, says:

1. That plaintiff is and has been at all material times a citizen and resident and taxpayer in the City of Wilmington, North Carolina; and the defendant is and has been at all material times a municipal corporation organized and existing under the laws of the State of North Carolina.

2. That the plaintiff is and was at all material times the owner and occupant of the premises in Forest Hills identified as 127 Forest Hills Drive within the City of Wilmington; that the City of Wilmington has owned, operated and controlled its waterworks, sewerage system and drainage system for many years and has complete control of the drainage system of the street known as Forest Hills Drive running generally in a southwardly direction from Market Street on U. S. Highway #17 to Wrightsville Avenue.

3. That the defendant City of Wilmington controls and operates the drainage system on Forest Hills Drive which it uses to drain the surface waters collecting in rainy weather from Forest Hills Drive to the natural drainage system of Burnt Mill Creek, which runs generally athwart Forest Hills Drive in an eastwest direction.

4. That regularly every year heavy rains occur in the Forest Hills area; and the plaintiff's premises are flooded by surface waters running southwardly down Forest Hills Drive because of the insufficiency of the drainage system operated and controlled by the defendant City, and this fact has been made known to the governing authorities of the City of Wilmington time and again, but they have continued to maintain without correction the same insufficient drainage system to the hurt, injury and damage of the plaintiff's property due to flooding by surface waters in the amount of Two Thousand Dollars; and such an insufficient drainage system, maintained, even after notice, constitutes a private nuisance causing damage to this plaintiff; and this plaintiff is advised, believes and therefore alleges that he is entitled to have such a nuisance abated.

WHEREFORE, Plaintiff prays judgment that the nuisance herein referred to be abated, and that the defendant be required by mandatory injunction to install and maintain in proper working order a sufficient drainage system in and along Forest Hills Drive to prevent flooding of plaintiff's property from normal rainy weather conditions to be expected annually."

Before answering the complaint defendant filed a written demurrer reading as follows:

"That plaintiff's Complaint does not state facts sufficient to state a cause of action against the defendant, in that the duties of a municipal corporation in adopting a general plan of drainage, and determining when and where sewers shall be built, of what size and at what level, are of a quasi-judicial nature, involving the exercise of deliberate judgment and large discretion, and depending upon considerations affecting the public health and general conveniences throughout a municipality; and the exercise of such judgment and discretion in the selection and adoption of the general plan or system of drainage is not subject to revision by a court or jury in a private action for not sufficiently draining a lot of land.

WHEREFORE, the defendant prays that this action be dismissed."

On 17 December 1968 Judge Bundy signed an order overruling defendant's demurrer.

[1, 2]   In G.S. 1-128 it is provided, among other things, "The demurrer must distinctly specify the grounds of objection to the complaint, or it may be disregarded." This section applies to all demurrers, written or oral. *Adams v. College,* 247 N.C. 648, 101 S.E.

2d 809; *Insurance Co. v. Blythe Brothers Co.*, 260 N.C. 69, 131 S.E. 2d 900. A demurrer which merely charges that the complaint does not state a cause of action is broadside and will be disregarded. *Pratt v. Bishop*, 257 N.C. 486, 126 S.E. 2d 597. "Also, a demurrer for failure of the complaint to state a cause of action is properly overruled when the demurrer does not point out any defect in the complaint which would entitle defendants to a dismissal of the action." 6 Strong, N. C. Index 2d, Pleadings § 21, p. 337. *McPherson v. Burlington*, 249 N.C. 569, 107 S.E. 2d 147.

In the case of *Ledwell v. Proctor*, 221 N.C. 161, 19 S.E. 2d 234, a demurrer interposed in the Superior Court was held to have been properly overruled because it failed to point out any defect in the complaint which would entitle the defendant to a dismissal of the action. The defendant Proctor also interposed a demurrer *ore tenus* in the Supreme Court, asserting that it appeared upon the face of the complaint that it failed to state or set out a cause of action or to state or set out facts sufficient to constitute a cause of action. This demurrer *ore tenus*, which was allowed, was reduced to writing and specifically listed and asserted seven different grounds of objection to the complaint.

[3]   In the case before us there has been no demurrer *ore tenus* filed. The written demurrer filed herein after alleging that the complaint does not state facts sufficient to constitute a cause of action does not thereafter mention the complaint or point out or list any deficiency therein. The abstract principles of law set out in the demurrer do not distinctly specify any grounds of objection to the complaint. We are of the opinion that the written demurrer interposed in the Superior Court does not *point out any defect in the complaint* as required by the statute, G.S. 1-128, and for that reason the demurrer was properly overruled.

It is interesting to note that the City of Raleigh, *Amicus Curiæ*, in its brief filed herein asserts that the trial judge was in error in overruling the demurrer of the defendant, but also asserts that the court in doing so should have given the plaintiff leave to amend his complaint, if he so desires.

The other questions appellant attempts to raise in its brief are not properly presented on this record.

The order overruling the demurrer is affirmed.

Affirmed.

BRITT and PARKER, JJ., concur.