IN RE: ELECTION PROTEST OF BILL FLETCHER

No. COA05-706

(Filed 7 February 2006)

**Elections— protest—appeal**

An appeal in an election protest was dismissed as moot where the General Assembly enacted a session law which provided that all election contests for Article III offices (as this was) would be heard by the General Assembly, and the General Assembly certified plaintiff's opponent as being elected. A decision for plaintiff on appeal would not permit the relief he sought because the Board of Elections lacks the statutory authority to revoke the certification of election. Also, plaintiff's broadside assignment of error violates the Rules of Appellate Procedure.

Appeal by Bill Fletcher from order entered 17 March 2005 by Judge Henry W. Hight, Jr. in Wake County Superior Court. Heard in the Court of Appeals 11 January 2006.

*Tharrington Smith, L.L.P., by Michael Crowell and Deborah Stagner, and Hunter, Higgins, Miles, Elam and Benjamin, PLLC, by Robert N. Hunter, Jr., for Bill Fletcher.*

*Attorney General Roy Cooper, by Solicitor General Christopher G. Browning, Jr., Special Deputy Attorney General Susan K. Nichols, and Special Deputy Attorney General Alexander McC. Peters, for appellee North Carolina State Board of Elections.*

*Wallace, Nordan & Sarda, L.L.P., by John R. Wallace and Joseph A. Newsome, for appellee June S. Atkinson.*

ELMORE, Judge.

Bill Fletcher (Fletcher), the Republican candidate for Superintendent of Public Instruction in the 2 November 2004 election, appeals an order of the trial court abating his election protest. Fletcher received 1,647,184 votes and Democratic candidate June Atkinson (Atkinson) received 1,655,719 votes. As a result, Atkinson led Fletcher by 8,535 votes. The ballots of 4,438 voters in Carteret County who voted using one-stop absentee voting equipment prior to election day were not recorded and could not be retrieved. Also, 120 ballots in Cleveland County were discarded and likewise could not be retrieved. Following the election, Fletcher requested a recount and filed election protests pursuant to N.C. Gen. Stat. § 163-182.9 with the county boards of election. Fletcher alleged that the counting of provisional ballots by voters who did not reside in the precincts where the ballots were cast was unconstitutional.[1] His protests were also based upon the 4,438 votes lost in Carteret County and the 120 ballots inadvertently discarded in Cleveland County. The North Carolina State Board of Elections (Board of Elections) heard and denied Fletcher's election protests, determining that out-of-precinct ballots were constitutional and that the remaining lost votes were not enough to affect the election outcome. By its 30 November 2004 decision, the Board of Elections ordered that Atkinson be certified

---

1. The North Carolina State Board of Elections determined that 11,310 out-of-precinct provisional ballots were counted. Fletcher asserts that the actual number is higher. Nonetheless, it is undisputed that the number of out-of-precinct provisional ballots exceeded the difference in votes between Fletcher and Atkinson and thus affected the result.

as the winner and a certificate of election issued to her. Pursuant to N.C. Gen. Stat. §·163-182.14, Fletcher appealed to the Wake County Superior Court. In an order entered 17 December 2004, the trial court affirmed the order of the Board of Elections. Fletcher appealed to the North Carolina Supreme Court and filed a petition for Writ of Supersedeas and motion for temporary stay in order to stay the certification of Atkinson as the winner of the election. The Supreme Court granted Fletcher's petition for discretionary review and issued a temporary stay of certification. Prior to oral argument in the Supreme Court, Atkinson filed a petition with the General Assembly asking it to hear and determine the outcome of the contested election for Superintendent of Public Instruction, an Article III office, pursuant to its jurisdiction under Article VI, Section 5 of the North Carolina Constitution.

On 4 February 2005 the Supreme Court issued its decision reversing the trial court and remanding for further proceedings consistent with its opinion, *see James v. Bartlett*, 359 N.C. 260, 607 S.E.2d 638 (2005). The Court addressed three separate election challenges: the election protest of Fletcher; an election protest filed by Trudy Wade, a candidate for Guilford County Commissioner at large; and a declaratory judgment action filed in Wake County Superior Court by Fletcher, Wade, and William James, a Mecklenburg County voter. All three challenges involved the same issue of whether a provisional ballot cast outside the voter's precinct of residence on election day may be lawfully counted. *See id.* at 262-63, 607 S.E.2d at 639-40. The Court noted that the issue before it was not the ultimate outcome of the two elections involved but, rather, whether these elections were conducted in compliance with the Constitution and with the North Carolina General Statutes. *Id.* at 262, 607 S.E.2d at 639. The Court, declining to decide the constitutional question, held that counting out-of-precinct provisional ballots violates the administrative regulations issued by the Board of Elections and the plain language of N.C. Gen. Stat. § 163-182.15. *Id.* at 268-69, 607 S.E.2d at 643-44.

Subsequently, the General Assembly enacted Session Law 2005-3, providing that under Article VI, Section 5 of the North Carolina Constitution, all election contests for Article III offices would be heard by the General Assembly. This new enactment also provided that upon the initiation of a contest under this Article, all judicial proceedings involving the election contest shall be abated. Session Law 2005-3 was ratified and signed into law on 10 March 2005. Section 3(b) provides that "[f]or any election in 2004, notice of the intent to

contest the election shall be filed within 10 days of this act becoming law[.]" *See* 2005 N.C. Sess. Laws 3, § 3(b); *see also* N.C. Gen. Stat. § 163-182.13A, Editor's Note (2005). In compliance with this law, Atkinson amended her petition to the General Assembly by filing a notice of intent to contest an election in the General Assembly on 10 March 2005.

Upon remand of Fletcher's election protest, the Wake County Superior Court determined that Session Law 2005-3 was applicable to the election protests arising from the 2004 election for Superintendent of Public Instruction. As Atkinson's petition in the General Assembly to determine the outcome of the election was pending, the court abated Fletcher's election protest. From this order entered 17 March 2005, Fletcher appeals.

Fletcher assigns as error the trial court's determination that the election protest was abated as a matter of law by Session Law 2005-3. Following the filing of Fletcher's appeal, the General Assembly determined that Atkinson received the highest number of votes in the 2004 election; the Board of Elections issued Atkinson a certificate of election; and Atkinson was sworn into the office of Superintendent of Public Instruction. On 26 August 2005 Atkinson filed a motion to dismiss Fletcher's appeal, stating that the appeal has become moot because neither this Court nor the Board of Elections has the authority to rescind a certificate of election already issued, and thus Fletcher cannot obtain the ultimate result he seeks, a new determination of who received the highest number of votes. Although the retroactive application of Session Law 2005-3 to certain 2004 election contests might implicate, *inter alia*, procedural and due process rights, we must exercise judicial restraint where the legal effect of a decision by this Court would not provide the result the appellant is seeking.

> When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

*Parent-Teacher Assoc. v. Bd. of Education,* 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969) (citations omitted); *see also Roberts v. Madison County Realtors Assn.,* 344 N.C. 394, 398-99, 474 S.E.2d 783,

787 (1996) ("A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.").

Here, a decision in favor of Fletcher would not permit him the relief he is seeking, to have the certificate of election revoked and a new determination made on the election outcome. "The declaration of election as contained in the certificate conclusively settles *prima facie* the right of the person so ascertained and declared to be elected to be inducted into, and exercise the duties of the office." *Cohoon v. Swain*, 216 N.C. 317, 319, 5 S.E.2d 1, 3 (1939). The Board of Elections lacks the statutory authority to revoke Atkinson's certificate of election. Indeed, the certificate of election is not subject to challenge except through an action *quo warranto. Id.*; *see also Ledwell v. Proctor*, 221 N.C. 161, 164, 19 S.E.2d 234, 236 (1942). As such, Fletcher's appeal is moot and we dismiss it on this basis.

As an alternative basis for our dismissal, we find that appellant's brief is in violation of the North Carolina Rules of Appellate Procedure. Appellant's assignment of error does not direct this Court to the particular legal error at issue or to any record references clarifying the legal basis assigned as error. The assignment of error states: "The superior court erred in holding that petitioner's election protest was abated as a matter of law by Session Law 2005-3." Appellant's brief addresses and argues violations of procedural and substantive due process rights; violation of the law of the case doctrine; and violation of the principle of separation of powers. Such a broadside assignment of error is in violation of our Rules. Rule 10 provides, in pertinent part, as follows:

> Each assignment of error shall, so far as practicable, be confined to a single issue of law; and shall state plainly, concisely, and without argumentation the legal basis upon which error is assigned. An assignment of error is sufficient if it directs the attention of the appellate court to the particular error about which the question is made, with clear and specific record or transcript references.

N.C.R. App. P. 10(c)(1). Appellant's failure to comply with this Rule concerning assignments of error subjects his appeal to dismissal. *See Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 401, 610 S.E.2d 360, 360-61 (2005). Accordingly, Fletcher's appeal is dismissed as moot and for violation of the Rules of Appellate Procedure.

**IN RE B.D.W.**

[175 N.C. App. 760 (2006)]

Dismissed.

Judges McCULLOUGH and LEVINSON concur.