**IN RE WHITTACRE**

[228 N.C. App. 58 (2013)]

IN RE PROTEST OF DANIEL-LYNN WHITTACRE

No. COA12-1175

Filed 18 June 2013

**Elections—protest—moot**

Petitioner's appeal from the trial court's order affirming the decision of the State Board of Elections and dismissing his election protest was dismissed as moot. The Certificate of Election was properly issued under the applicable statutes and the winner of the general election had been seated by the United States House of Representatives.

Appeal by petitioner from order entered 29 June 2012 by Judge Michael R. Morgan in Wake County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Richard E. Jester for petitioner-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Susan K. Nichols, for respondent-appellee; and Blue Stephens & Fellers, LLP, by Daniel T. Blue, Jr., for intervenor-appellee.*

GEER, Judge.

Petitioner Daniel-Lynn Whittacre appeals the trial court's order affirming the decision of the State Board of Elections and dismissing his election protest. The State and G.K. Butterfield have moved to dismiss this appeal as moot. As the Certificate of Election in this case properly issued under the applicable statutes and the winner of the general election has been seated by the United States House of Representatives, we agree that this appeal is moot and grant the motion to dismiss.

Facts

Mr. Whittacre filed a protest with the State Board of Elections claiming that the candidacy of Mr. Butterfield in the Democratic primary for North Carolina's First Congressional District was invalid because he had failed to file the affidavit required to run under a nickname pursuant to N.C. Gen. Stat. § 163-106(a) (2011). That protest was heard by the State Board of Elections on 23 May 2012. The Board of Elections dismissed Mr. Whittacre's protest in a 7 June 2012 order.

Mr. Whittacre appealed that decision to Wake County Superior Court on 15 June 2012 and filed a motion to stay the Board of Elections' certification of the primary results on the same date. The appeal and motion to stay were set for hearing on 25 June 2012. Mr. Butterfield also moved to intervene in the case on 25 June 2012. The trial court denied Mr. Whittacre's motion to stay certification of the election results, affirmed the State Board of Elections' decision, and dismissed Mr. Whittacre's election protest in an order on 29 June 2012. Mr. Whittacre timely appealed to this Court.

The appeal was docketed with this Court on 2 October 2012. Mr. Butterfield, having won the general election, was seated as a member of the 103rd Congress on 3 January 2013. The Board of Elections and Mr. Butterfield moved to dismiss the appeal as moot on 22 January 2013.

## Discussion

We first address the Board of Elections and Mr. Butterfield's motion to dismiss this appeal as moot. N.C. Gen. Stat. § 163-182.14 (2011) provides for a right to appeal to the Superior Court of Wake County from a final decision of the State Board of Elections. Notwithstanding this right to appeal, "[a]fter the decision by the State Board of Elections has been served on the parties, the certification of nomination or election or the results of the referendum shall issue pursuant to G.S. 163-182.15 unless an appealing party obtains a stay of the certification from the Superior Court of Wake County within 10 days after the date of service." N.C. Gen. Stat. § 163-182.14(b). Once issued, "[t]he declaration of election as contained in the certificate *conclusively settles prima facie* the right of the person so ascertained and declared to be elected to be inducted into, and exercise the duties of the office." *Cohoon v. Swain*, 216 N.C. 317, 319, 5 S.E.2d 1, 3 (1939) (first emphasis added).

In this case, on 29 June 2012, the trial court denied Mr. Whittacre's request for a stay and affirmed the State Board of Elections' decision. Mr. Whittacre did not obtain a stay from this Court or the Supreme Court. In the absence of a stay, the certificate of nomination was issued five days after entry of the trial court's order. *See* N.C. Gen. Stat. § 163-182.15(b)(2) (2011). Because the certificate of nomination issued, Mr. Whittacre's appeal became moot. *Cohoon*, 216 N.C. at 319, 5 S.E.2d at 3.

Moreover, following the general election, Mr. Butterfield was declared the winner, and he was seated in the House of Representatives on 3 January 2013. Article I, section 5 of the United States Constitution provides that "[e]ach house shall be the judge of the elections, returns and qualifications of its own members . . . ." As the United States

Supreme Court has observed, this clause grants each house of Congress "the power to judge of [sic] the elections, returns, and qualifications of its own members," and the house's exercise of that power includes the power "to render a judgment which is beyond the authority of any other tribunal to review." *Barry v. U.S. ex rel. Cunningham*, 279 U.S. 597, 613, 73 L. Ed. 867, 871, 872, 49 S. Ct. 452, 455 (1929). In *Barry*, the Supreme Court held that when an individual was elected to the United States Senate, received a certificate from the Governor of his state to that effect, and presented himself to the Senate, then the question whether "the credentials should be accepted, the oath administered, and the full right accorded to participate in the business of the Senate, was a matter within the discretion of the Senate." *Id.* at 614, 73 L. Ed. at 872, 49 S. Ct. at 455. *See also Roudebush v. Hartke*, 405 U.S. 15, 19, 31 L. Ed. 2d 1, 8, 92 S. Ct. 804, 807 (1972) ("Which candidate is entitled to be seated in the Senate is, to be sure, a nonjusticiable political question" and is "a question that [is not] the business of this Court.").

Therefore, when the House chose to administer the oath to and seat Mr. Butterfield, it acted within its power under Article I, section 5 of the United States Constitution. Its decision to seat Mr. Butterfield is not subject to judicial review, and petitioner's appeal is consequently moot. *See Morgan v. United States*, 801 F.2d 445, 447 (D.C. Cir. 1986) (holding under Article I, section 5, that court "lack[ed] jurisdiction to proceed" with respect to challenge to congressional election when House of Representatives had already seated individual); *In re Election Protest of Fletcher*, 175 N.C. App. 755, 758, 625 S.E.2d 564, 567 (2006) ("'When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.'" (quoting *Benvenue Parent-Teacher Assoc. v. Nash Cnty. Bd. of Educ.*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969))). We, therefore, dismiss the appeal.

Dismissed.

Judges STEELMAN and ROBERT N. HUNTER, JR. concur.