SARAH HORTON v. W. W. WHITE and others.

*Injunction and Receiver on motion of defendant in Ejectment.*

The right to take under the control of the court a disputed fund liable to waste when suffered to remain in the hands of a defendant, extends also to a plaintiff who takes it from the defendant and whose possession threatens a similar injury to the latter ; *Therefore,* where the plaintiff sues *in forma pauperis* to recover land, and during the pendency of the action takes possession of a part thereof and resists the re-occupation by defendant, an order for an injunction and receiver to take control of the usurped premises and secure the rents and profits upon defendant's application was properly granted.

(*Johnson* v. *Swain*, Busb., 335 ; *Thompson* v. *Red*, 2 Jones, 412, cited and approved.)

APPEAL from an order made in an action to recover land at Spring Term, 1880, of CALDWELL Superior Court, before *Gilmer, J.*

The plaintiff appealed from the interlocutory order of the court below.

*Mr. G. N. Folk,* for plaintiff.
*Mr. W. H. Malone,* for defendants.

SMITH, C. J.  The plaintiff, suing *in forma pauperis*, commenced her action in September, 1876, for the recovery of the land described in her complaint of which she claims to be owner, and her allegations of title are denied in the answer which asserts it to be vested in some of the defendants, the others being tenants under them.   In March, 1880, the plaintiff through her agent, James M. Isbell, entered into and took possession of a small unoccupied house on the disputed land, and resists the re-occupation thereof by the defendants.   The defendants on application to the judge at spring term of the court obtained a temporary restraining

order, and upon notice applied for an injunction and the appointment of a receiver to take control of the usurped premises, and secure the rents and profits, until upon the final determination of the cause it could be ascertained to whom the property belongs.   Numerous affidavits, conflicting in their statements of the circumstances attending the entry of the agent and in support and denial of the alleged interruption of the tenants in the cultivation of a field of twelve acres, outside of the said entry, and upon the question of ownership, were submitted on the motion for an injuction against further interference and receiver until the hearing of the cause upon its merits, which was allowed, and one James Horton was appointed receiver.   From this interlocutory judgment the plaintiff appeals.

In a proceeding at law to recover possession of land in an action of ejectment, the subsequently acquired possession of the disputed land before trial, on a plea in abatement since the last continuance, had the effect of defeating the recovery. If the entry was upon a part only of the premises, the action would proceed for the recovery of the residue, but the fact to be noticed must be brought to the attention of the court by a proper plea. *Johnson* v. *Swain*, Busb., 335 ; *Thompson* v. *Ited*, 2 Jones, 412.   The defendant would thus be driven to a similar action to regain possession lost during the pendency of the preceding suit.   The present system, combining in a single action all the essential attributes and all the ancillary powers belonging to a suit in a court of law and in a court of equity, admits of remedies and orders found necessary during its progress for the relief of both parties, and the preservation of the property in litigation. The court may also enforce obedience to its lawful commands by acting upon the person of the suitor.   While then the novelty of the present application on the part of the defendants, for which neither have the counsel nor the court been able to find a precedent, should induce us to proceed

with proper caution and care, our examination and reflection lead us to the conclusion adopted by His Honor that it was competent to make the order for the security of the property, pending the controversy as to ownership, and that the power was properly exercised. We should be reluctant to disturb his conclusions of fact deduced from the evidence (and would do so only in case of palpable error) in an order merely interlocutory and temporary and intended only to secure the fruits of a final determination to the successful litigant. The right to take under the control of the court a disputed fund liable to waste and irremediable loss when suffered to remain in the hands of the defendant, must extend in our opinion to the plaintiff who may have taken it from the defendant, and whose possession threatens a similar injury to the latter. We therefore sustain the ruling of the court. This will be certified.

No error.                                                    Affirmed.