State on the relation of A. R. HERRING et al. v. W. J. PUGH et al.

(Decided December 12, 1899.)

*Costs, General Rule—Exceptions.*

As a general rule, the Court will not review and decide the merits of a cause which has been settled, or the subject matter destroyed, since the judgment below, merely to decide who should have paid the costs, except

(1) Where the very question at issue is the legality of a particular item of costs, or

(2) The liability of a prosecutor for costs in a criminal action, or

(3) Taking the case below as properly decided, whether the costs of that court were adjudicated against the proper party.

ACTION FOR INJUNCTION, pending in Superior Court of SAMPSON County between the plaintiffs as County Board of Education, under Act 1897, v. the defendants as School Directors under Act 1899. There was judgment rendered in favor of plaintiffs at final hearing before *Timberlake, J.,* at Chambers, May 31, 1899, and defendants took an appeal to Supreme Court. The plaintiffs had filed no injunction bond. During the pendency of the appeal the defendants, by

a motion in the cause, obtained an injunctive order to restore the possession of the property to the defendants, from *Bryan, J.,* at Chambers, 22nd August, 1899, and the plaintiffs took this appeal.

The appeal of defendants in the main action has been decided adversely to them, and now the appeal of plaintiffs comes up to be disposed of.

*Stevens & Beasley, Marion & Geo. E. Butler,* for appellants.

*Allen & Dortch, E. W.* and *J. D. Kerr,* for appellees.

CLARK, J.  This is an appeal by the plaintiffs from a mandatory injunction granted on a motion in the cause, to restore possession of property to the defendants, *Horton v. White,* 84 N. C., 297, pending an appeal to this Court by the defendants from an adverse judgment in the main action.  On the appeal in the main action the judgment adverse to the defendants has been affirmed, and, the cause of action having thus been terminated, an adjudication upon the merits in this appeal would simply decide an abstract proposition of law, since judgment in this appeal could now have no possible effect but to determine who should pay the costs.  The Court has repeatedly held that this will not be done.  *Wikel v. Commissioners,* 120 N. C., 451; *Russell v. Campbell,* 112 N. C., 404; *Pritchard v. Baxter,* 108 N. C., 129; *Hasty v. Funderburk,* 89 N. C., 93; *State v. Railroad,* 74 N. C., 287; *Futrell v. Deans,* 116 N. C., 38; *Elliott v. Tyson, Ibid,* 184. The exceptions to the general rule that this Court will not decide upon a mere question of costs, are (1) Where the very question at issue is the legality of a particular item of costs (*Elliott v. Tyson,* 117 N. C., 114; *Blount v. Simmons,* 120 N. C., 19), or (2) The liabitlity of a prosecutor for costs in

a criminal action (*State v. Byrd,* 93 N. C., 624), or (3) Taking the case below, as properly decided, whether the costs of that court were adjudicated against the proper party. *State v. Horne,* 119 N. C., 853.

But none of these exceptions violate the rule that the Court will not review and decide the merits of a cause which has been settled, or the subject matter destroyed, since the judgment below, merely to decide who should have paid the costs. Whether the motion appealed from in this instance was rightly or wrongfully allowed, *Hinson v. Adrian,* 91 N. C., 372, whether the mandatory injunction pending the appeal was properly or improperly granted, Clark's Code, sec. 558, has ceased to have any practical importance whatever since the decision of the appeal in the principal cause, and there being nothing left but a question of costs, the Court will not pass upon the merits of an order which it can now neither affirm nor disaffirm, merely to decide as to the costs.

Appeal dismissed.