COMMISSIONERS OF VANCE COUNTY v. J. S. GILL.

(Decided February 27, 1900.)

*Controversy Expiring Pending Appeal—Costs.*

1. The Court will not decide the merits of a controversy, which no longer exists, merely to determine who shall pay the costs.

2. Judgment appealed from presumed to be correct, until reversed upon its merits.

SUMMARY PROCEEDING in ejectment, tried upon appeal from Justice's Court, before *Moore, J.,* at February Term, 1899, of VANCE Superior Court.

The plaintiffs allege that the defendant entered into possession of a house and lot on the premises of the Home for the Aged and Infirm, as their tenant, that the tenancy expired on January 11, 1899, and that he was holding over, after demand made.

The defendant admitted the tenancy, but alleged that his term would not expire until December 31, 1899. The jury under instructions from the Court, excepted to by defendant, rendered a verdict in favor of plaintiff.

Judgment accordingly. Appeal by defendant.

*Messrs. T. M. Pittman,* and *R. S. McCoin,* for appellant.
*Messrs. T. T. Hicks, W. B. Shaw,* and *A. C. Zollicoffer,* for appellee.

CLARK, J. This was a summary action of ejectment by the County Commissioners against the defendant, for a house occupied by him as superintendent of the "Home for Aged and Infirm." The Commissioners had passed an order

removing the defendant from his position and demanded possession of the building. The defendant, denying the validity of such order, refused to give up possession of the house. On appeal to the Superior Court, judgment went against the defendant, at May Term, 1899, of Vance Superior Court, and he appealed to this Court. Before the appeal was reached for argument in this Court, the term of defendant's office or employment, if it had continued according to his contention, had expired on January 1, 1900. The Court can render no judgment on the merits, for it can not put the defendant in possession when, by his own showing, he is now not entitled to it. Any decision we could make would be nothing more than a declaration of an abstract proposition of law, for there could be no execution of it.

The Court has repeatedly declared that, in such case, it will not go through the record merely to decide who would have won if the cause of action had not died pending appeal; that it will not decide the merits of a controversy which no longer exists, merely to determine who shall pay the costs. *Herring v. Pugh,* 125 N. C., 437, and numerous cases there cited. Indeed, if the action had been for the office, instead of the house, the term having expired, the action would be dismissed. *Colvard v. Commissioners,* 95 N. C., 515.

It was urged that the costs ought to be divided, but the judgment below in favor of plaintiffs is presumed to be correct until reversed, and unless the Court upon the merits reverses the judgment below, it can not adjudge any part of the costs against the appellee. Code, secs. 525, 527, 540. Whether it was the appellant's fault or merely his misfortune that he appealed so late that the cause of action died before the appeal could be determined, the appellee is chargeable with no responsibility therefor. He has an unreversed

judgment of a court of competent jurisdiction. If the defendant had surrendered the premises under protest, and sued for damages for wrongful eviction, that, unlike the possessory action, would not have died pending appeal. Whether the defendant can now bring such action or is estopped by the judgment in this action, is not now before us.

Appeal dismissed.