### J. V. WALLACE v. TOWN OF NORTH WILKESBORO.

#### (Filed 8 January, 1910.)

1. **Injunction, Temporary—Order Dismissed—Appeal and Error— Acts Accomplished—Abstract Propositions.**

   An appeal from the dissolution of a restraining order will not be considered, when it appears that acts sought to be restrained have been committed, the appeal thus presenting merely an abstract proposition.

2. **Appeal and Error — Interlocutory Orders — Appeal Dismissed — Procedure.**

   The dismissal of an appeal from an interlocutory order dissolving an injunction does not necessarily dismiss the action, but leaves it pending in the Superior Court.

APPEAL by plaintiff from *Councill, J.,* refusing to grant an injunction, heard at chambers in Hickory, 17 July, 1909; from WILKES.

*Benbow & Caviness* for plaintiff.
*Finley & Hendren* for defendant.

BROWN, J. .This is a civil cause, duly instituted by the plaintiff against the defendant, town of North Wilkesboro. A temporary restraining order was issued in said cause by *W. R. Allen, Judge,* restraining the town of North Wilkesboro from purchasing the "Hackett Mill property," to be used for municipal purposes, in the way of installing a water system and supplying the town with drinking water.

The temporary restraining order was heard by *W. B. Councill,* resident judge of the Thirteenth Judicial District, at chambers, in Hickory, N. C., on 17 July, 1909, and, after being heard, was dissolved. From such judgment the plaintiff appealed.

It was admitted upon the argument that as soon as the judge below dissolved the restraining order the defendant commissioners purchased the property, and that the transaction has been completed by the execution of a deed.

It is further called to the attention of this Court that, since the said purchase has been made and the deed executed, the General Assembly of 1909 has ratified and fully confirmed the purchase. Chapter 112, sec. 21, p. 289, Private Laws 1909.

As this case is not before us upon its merits or upon any issues raised by the pleadings, but only upon an appeal from an inter-

locutory order, the necessity for the hearing of this appeal has been obviated, since the defendant has accomplished, pending this appeal, the purchase of the Hackett property and the utilization of the same for the purposes for which it was purchased, and the purchase has been ratified by the lawmaking power.

The Court will not pass on a mere abstract proposition. *Pickler v. Board of Education,* 149 N. C., p. 223. In this case, *Clark, C. J.,* says: "Pending this appeal, the new schoolhouse has doubtless been built. If that appeared, we would not decide.an abstract question." See, also, *per curiam* order in a similar case of *Harrison v. New Bern,* August Term, 1908.

The dismissal of this appeal from an interlocutory order does not dismiss the case. It is still pending in the Superior Court of Wilkes County, and the parties may proceed as they may be advised.

Appeal dismissed.