## CHICAGO, M. & ST. P. RY. CO. v. COMMISSIONERS OF CITY OF SIOUX FALLS et al.

An appeal from an order refusing to grant a preliminary injunction against local improvement proceedings will be dismissed where it appears that after the appeal was taken the improvement

was completed and no supersedeas bond under Code Civ. Proc. § 454 was given; since a reversal on appeal would be ineffectual.

(Opinion filed, January 17, 1912.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by the Chicago, Milwaukee & St. Paul Railway Company against the Commissioners of the City of Sioux Falls and others. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

*William G. Porter, James D. Elliott,* and *Perrett F. Gault,* for appellant. *D. J. Conway, City, Atty. (Bailey & Voorhees,* of counsel), for respondents.

SMITH, J. Plaintiff who is appellant here brought an action in the circuit court of Minnehaha county against the Board of Commissioners of the city of Sioux Falls and I. Fanebust & Sons, seeking to enjoin the defendants from entering into a contract for grading and improving Phillips avenue, between Fifth street and Riverside avenue, in the city of Sioux Falls. The complaint recites at great length the proceedings had under which it is proposed to let the contract to I. Fanebust & Sons, alleging divers and sundry grounds on which it is claimed the proceedings are invalid and should be perpetually enjoined. The complaint further prays "that during the pendency of this action the defendants and each of them, and all of their agents, employes, attorneys and assistants, and any and all others acting in their behalf, be enjoined and restrained from signing and executing the said contract, dated October 31, 1910, with I. Fanebust & Sons, and from in any manner whatsoever, entering upon, grading, excavating, or working upon or improving said Phillips avenue lying ‑between Fifth street and First street in the said city of Sioux Falls, S. D., and be enjoined from taking any further steps or proceedings for the purpose of levying said special assessment or collecting the same, and from paying out any sums of money under said alleged contract or for any of the work, material, or improvements furnished or performed under the terms of said contract." Upon this complaint supplemented by an affidavit of L. B. Beardsley, the defendants

were ordered to show cause before the judge of the circuit court on the 22d day of November, 1910, why a preliminary injunction should not issue pursuant to the prayer of said complaint. It was further ordered that in the meantime the defendants be restrained from doing the acts complained of.

The order to show cause came on for hearing on the 30th of January, 1911, at which time the court entered an order denying plaintiff's motion for a preliminary injunction, vacating the ad interim restraining order issued on the 9th day of November, 1910, and dismissing the order to show cause. Thereafter on the 28th day of March, 1911, plaintiff perfected an appeal to this court from the order denying an injunction pendente lite and now seeks a reversal thereof upon this appeal. So far as the record discloses, no application was made to the trial court for a supersedeas bond or undertaking under the provisions of section 454, Code of Civil Procedure. In fact, the notice of appeal was not served until the 28th day of March, 1911, together with a bond for costs on appeal. At the hearing of this cause on appeal, it was disclosed in open court, and conceded by counsel of both appellant and respondent, that the acts and things sought to be enjoined in the application for preliminary injunction denied by the trial court since said order have been fully done and performed; that a contract pursuant to the proceedings had by the commissioners of the city of Sioux Falls was entered into between the city of Sioux Falls and I. Fanebust & Sons as contractors for the grading and improving of Phillips avenue from Fifth street to Riverside avenue, and that the grading and improvements have since been completed by said contractors. The only relief prayed for or which could be granted upon this appeal is a reversal of the order of the trial court refusing an injunction pendente lite. A judgment of reversal in this court would be an idle act. In certain classes of cases where mandatory injunction may be an appropriate remedy, relief perhaps might be granted in the appellate court, but this is not such a case. Neither this court nor the trial court has power or authority to undo the things which have been done pending this appeal, under the proceedings complained of. For this reason this

court will not hear and determine the questions upon the merits of the controversy sought to be reviewed on this appeal. Almost without a dissenting voice, appelate courts have refused to enter-tain appeals in case where the only judgment which could be en-tered by the appellate court would be in itself ineffectual. And this rule obtains without regard to the importance, public or pri-vate, of the questions sought to be reviewed. The case of People v. Clark, 70 N. Y. 518, is analogous in facts and is applicable in principle to the case at bar. That court says: "This action was commenced to restrain certain persons from proceeding to incor-porate the village of North Tarrytown under the general act of the Legislature authorizing the incorporation of villages. The persons made defendants are those who signed the notice required, and the officers of the town who would be inspectors of the elec-tion. A temporary injunction was obtained which was dissolved and the election was held, and a majority of votes determined in favor of the incorporation and the proceedings for such incorpora-tion have been perfected, village officers chosen, and the corpora-tion is in operation. By a supplemental complaint these facts were set up, and judgment demanded that all these acts be declared null and void. The grounds of the action are that the statute was not complied with and that the statute itself is unconstitutional. We do not deem it necessary to determine whether the action is main-tainable as originally commenced. As it appeared upon the trial, and is presented to us upon appeal, no effectual judgment can be rendered in it. The acts sought to be restrained have been con-summated, and from a project to incorporate a village, the village has become incorporated. The defendants are not necessary or proper parties to the action upon the facts disclosed at the trial. The village itself, or the trustees who are now exercising the franchise, are the necessary parties to the action, and an injunc-tion restraining the defendants would have no practical effect upon the corporation. We do not deem it proper, therefore, to express an opinion upon the points presented, involving the validity of the statute or the regularity of the proceedings under it, for the reason that a decision could not be made effectual by a judgment." In Mills v. Green, 159 U. S. 652, 16 Sup. Ct. 132, the Supreme

Court of the United States cites this case with approval and as stated in the second headnote holds: "Where the whole object of the suit is to secure the right to vote at an election for delegates to a constitutional convention and before the appeal to this court the day to vote has passed and the convention has assembled, the appeal will be dismissed." To the same effect are the following decisions People ex rel. v. Squire, Commissioner, 110 N. Y. 666, 18 N. E. 362; State ex rel. v. Board of Commissioners of Grant County, 153 Ind. 303, 54 N. E. 809; Colvard v. Board of Commissioners of Graham County, 95 N. C. 515; Herring v. Pugh, 125 N. C. 437, 34 S. E. 538; Commissioners of Vance County v. Gill, 126 N. C. 86, 35 S. E. 228; C., R. I. & P. Ry. Co. v. Dey et al., 76 Iowa, 278, 41 N. W. 17; Watson v. Merkle et al., 21 Wash. 635, 59 Pac. 484; In re Wilken, 22 S. D. 135, 115 N. W. 1075. It is not the province of this court to examine and decide propositions of law except in so far as the discussion and the conclusions reached may constitute the bases of the judgment which can be entered in this court. The only judgment which could be entered on this appeal would be a judgment affirming the order of the trial court, or a judgment reversing the order and directing the trial court to issue a preliminary injunction in the pending action. The acts sought to be restrained having been performed pending the appeal, a judgment at this time reversing the order of the trial court and directing the issuance of a preliminary injunction could not be given effect and would be an idle act, which this court must decline to perform.

The questions sought to be reviewed on the merits of the controversy are not before us, and are not considered on this appeal. The appeal should be dismissed, and it is so ordered.