JAMES HARTSOE ET ALS. v. SOUTHERN RAILWAY COMPANY AND CITY OF HICKORY.

(Filed 14 December, 1912.)

**Consent Judgments—Appeal and Error—Costs.**

A verdict having been rendered against two joint defendants, in an action for damages for a personal injury negligently inflicted, a consent judgment was entered between the plaintiff and one of the defendants, making it primarily liable in a smaller sum than that ascertained by the jury, with the right of plaintiff to recover out of the codefendant if the defendant primarily liable did not pay it, but which it subsequently did pay, taking an assignment of the judgment, to a trustee: *Held*, an appeal by either or both defendants cannot be had, the judgment having been entered by consent, and with respect to the one secondarily liable, the appeal being for costs only, will not lie.

APPEAL by defendant from *Lyon, J.,* at July Term, 1912, of CATAWBA.

*S. J. Ervin for Southern Railway Company.*
*A. A. Whitener for City of Hickory.*

PER CURIAM. In this case the jury found for their verdict that the plaintiff was injured by the negligence of the defendant, and that the Southern Railway Company was primarily liable and that plaintiffs were entitled to recover $1,500 damages. The following judgment was rendered:

"Ordered by consent of plaintiffs and Southern Railway Company, and adjudged, that the plaintiffs recover of the defendant the Southern Railway Company first and primarily the sum of $1,000 and costs of action, the amount of the recovery being, by consent of the Southern Railway Company and the plaintiffs, reduced to said sum, and in the event of the failure of the plaintiff to recover said sum out of the defendant the Southern Railway Company, then the plaintiffs shall recover the said sum of $1,000 out of the defendant the City of Hickory, together with the costs of the action."

It is made to appear to the Court, and is admitted, that the Southern Railway Company subsequently paid the $1,000 to the plaintiff and took an assignment of the judgment to a trustee for its benefit. The appeal of both the Southern Railway and the city of Hickory must be dismissed. The judgment of record is a consent judgment, and not merely to the reduction thereof to $1,000, which reduction would not require the assent of the Southern Railway Company, but there is consent to the judgment itself. No appeal can be sustained from a consent judgment.

The appeal of that company being dismissed, there is no ground on which to entertain the appeal of the city of Hickory, which was improvidently taken. Besides, the Court would not discuss the proposition involved in this appeal simply to determine the matter of costs of the appeal, the subject-matter thereof having been terminated by payment of the judgment. *Herring v. Pugh,* 125 N. C., 437, and cases cited.

As to both defendants let it be entered,

Appeal dismissed.