HOLTER, Appellant, v. WAGONER et al., Respondents.

(142 N. W. 175.)

**Appeal—Dismissal of Appeal—Contract for Well Digging—Injunction —Futility of Remedy.**

> In a suit to restrain construction of artesian wells by a township and issuance of bonds in payment therefor, where a temporary injunction was dissolved at final hearing and judgment of dismissal entered, and no immediate notice of appeal and undertaking was given, on appeal from such judgment, pursuant to Sec. 454, Code Civ. Proc., to continue the temporary injunction in force, the appeal will be dismissed on a showing that the wells have been completed and the bonds issued.
>
> Polley, J., dissenting.

(Opinion filed June 24, 1913.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Engebrit J. Holter against John Wagoner and others to enjoin the construction of artesian wells by Norbeck & Nicholson Company for Grouse Township, Lyman County, South Dakota. From a judgment for defendants dissolving a temporary injunction and dismissing the action, and from an order denying a new trial, plaintiff appeals. Appeal dismissed.

*A. B. Carlson,* and *Aikens & Judge,* for Appellant.

This is not a case where in the acts involved have been performed; the relief sought is not one that cannot now be granted effectively. The questions at issue are the legality of said artesian well proceedings; the legality of the election; the validity of the contracts, and even though no injunction had been asked for, yet these questions are not abstract questions but determine the liability of the township for the indebtedness incurred.

The case of the C., M. & St. P. Ry. Co. v. Commissioners, 134 N. W. 46, is not parallel. The bonds are void; and if it should be determined that our contention is correct, then the bonds fall.

Furthermore, the showing of the defendants is that one of the

defendants is the present holder of the bonds, and a judgment of this court decreeing the invalidity of the proceedings would be effective as to the bonds in the hands of one of the defendants.

We do not ask the court to undo anything that has been done pending this appeal.

If these proceedings were not only irregular but absolutely void, then no act pending this litigation could have any validity and the determination of the issues in this case is as conclusive and effective as though the action had been to prevent the township from making levy to meet the obligation arising from the construction of these wells.

The whole issue as to the liability of the township of Grouse for the indebtedness attempted to be incurred can be decided and effectively decided by a decision of this appeal.

There is no showing that these bonds were issued so as to make them effective or enforcible; further, there was no authority in the township to give these bonds to the contractors in payment of the contract price. The fact that that was done, of itself, would imply collusion between the supervisors of Grouse township and the Norbeck & Nicholson Company, the contractors and now holders of the bonds, each of whom are defendants in this case.

*Sterling & Clark,* for Respondents.

There is no issue or contest over the facts involved on this motion. It stands uncontroverted that all of the matters and things sought to be enjoined in the suit have been performed, and that if this court should hold that the circuit court was in error and that the appellants were entitled to every relief prayed for in his complaint, yet such judgment would be fruitless and unavailing and incapable of enforcement at this time.

Appellant could have preserved his rights by taking out a supersedeas bond but he failed to do so. This action now stands in exactly the same position as if a new action were commenced, asking the court to enjoin the party from doing something that had already been done. C., M. & St. P. Ry. Co. v. Com. of City of Sioux Falls, (S. D.) 134 N. W. 46; In re Wilken, 22 S. D. 135.

McCOY, J. This action was instituted to enjoin the construction of certain artesian wells under a certain contract made

and entered into by and between the municipal officers of Grouse township, Lyman county, and the Norbeck & Nicholson Company, constructors of artesian wells, and also to enjoin the issuance of certain bonds and the creation of indebtedness to pay for the construction of said wells. The said injunction was prayed for on the ground that the procedure on the part of the officers of said township was irregular and void. At the time of the beginning of the action a temporary injunction order was issued, temporarily restraining the construction of said wells and the issuance of said bonds and incurrence of said indebtedness. Thereafter, on the hearing of said cause, the plaintiff's complaint was dismissed as being without merit, and said temporary injunction order vacated, and findings and judgment made and rendered in favor of defendants, from which plaintiff appeals.

No immediate notice of appeal and undertaking, as provided for by section 454, Code Civ. Proc., to continue in force said temporary injunction, was ever given, and plaintiff appealed without supersedeas undertaking. It further appears that after the vacation of said temporary restraining order the said Norbeck & Nicholson Company proceeded with the construction of said wells, and fully and completely constructed the same, and that the said bonds had been issued and said indebtedness incurred in satisfaction and settlement of said contract for the construction of said wells. Motion is now made to dismiss said appeal on the ground that, inasmuch as all the matters and things sought to be restrained and enjoined by this action have been done and accomplished, any further action on the part of the court, or that could be accomplished by said appeal, would be futile and of no avail. We are of the opinion that the motion is well grounded, and that the appeal should be dismissed. Appellant contends that the court should retain the appeal and consider and determine the question of the lawfulness of the procedure in relation to the letting of said contract, and the incurrence of said indebtedness; but we are of the opinion that such procedure and determination on the part of this court would be of no avail and an idle act so far as the purpose of this action are concerned. What effect it might otherwise have is wholly immaterial. The lawfulness or unlawfulness of such procedure was only material for the purpose of and as a basis for the remedy by injunction. When the

sought-for remedy of injunction failed and became of no avail under any circumstances in connection with this action, all other incidental matters went down with it. The decision in this case is governed by C., M. & St. P. Ry. v. Commissioners of Sioux Falls, 28 S. D. 471, 134 N. W. 46.

The motion to dismiss appeal is granted, and the judgment and order appealed from affirmed.

POLLEY, J. (dissenting). I do not agree with the conclusions arrived at by Justice McCOY in this case, nor with the reasons upon which the conclusion is based. The action was brought for the purpose of testing the regularity of the proceedings leading up to, and the legality of, a contract entered into by Grouse township, in Lyman county, for the construction and equipment of a number of artesian wells. It is claimed by the plaintiff and appellant that the statutory proceedings necessary to be had by the board of supervisors were not sufficient to give the board jurisdiction to enter into the said contract. Whether or not these proceedings were sufficient and the contract legal is the sole matter at issue in the case. If the proceedings were not such as to give the board jurisdiction to enter into the contract, then the contract was void; and, as a result of a determination to that effect, an injunction should have issued as a matter of law. The fact that the plaintiff failed to take an immediate appeal and file a supersedeas bond, as he could have done under section 454, Code Civ. Proc., is wholly immaterial, so far as the final determination of the question is concerned. The fact that the defendants Norbeck & Nicholson Company proceeded with the performance of the work provided for under the terms of the contract does not, in the least, change the status of the parties, so far as their legal rights are concerned. If it were determined on the trial of the case that the contract was, in effect, illegal, then the town board would be without authority to pay for doing the work; and, while the court could not enjoin doing the work after the same had been performed, a decree to the effect that the contract was illegal would have entitled the plaintiff to a decree perpetually enjoining the town board from paying the contract price. It appears, from the affidavits on file in support of the motion to dismiss the appeal, that, while the board has accepted the work done under the contract and issued certain bonds in payment thereof,

the contractors (who are defendants in the action) are still in possession of a part, or all, of the evidences of this indebtedness. Whether this is a legal indebtedness or not ought to be determined in this action.

This case is without any analogy whatever to the case of C., M. & St. P. Ry. Co. v. Commissioners of Sioux Falls, 28 S. D. 471, 134 N. W. 46. In that case no temporary injunction had ever been issued. An application for one was made and denied, and the appeal was taken from the order denying this application. The appellant could not, in that case, by taking an immediate appeal and putting up a supersedeas bond, have kept the injunction in force and stayed the performance of the contract, because no injunction had ever been issued.

In this case, the legality of the contract did not depend upon the granting, or refusing to grant, of a temporary injunction; but the granting of the injunction, either temporary or permanent, depended upon the legality of the contract, and that could not be determined until the final determination of the action, and that question is the issue on this appeal.