IN THE MATTER OF: ASSIGNMENT OF THE SCHOOL CHILDREN IN THE STELLA COMMUNITY OF CARTERET COUNTY TO THE WHITE OAK SCHOOL IN ONSLOW COUNTY.

(Filed 30 June, 1955.)

**1. Appeal and Error § 5—**

   This proceeding challenging the order of the State Board of Education relative to assignment of school children to a school district is dismissed as moot, the children having gone to the district of their choice during the preceding school year, and the State Board of Education having been shorn of its power to assign children by statute enacted pending the appeal. G.S. 115-352; ch. 1372, Session Laws of 1955.

**2. Same: Costs § 3a—**

   Where an appeal is dismissed as moot, the Supreme Court will not pass upon the merits of the controversy merely to determine who will pay the costs, and the judgment of the lower court being presumed correct, unless reversed on the merits, no part of the costs can be adjudged against appellees.

APPEAL by B. H. Williams, *et al.*, petitioners, from *Frizzelle, J.*, December Term, 1954, of WAKE.

Carteret County had no school facilities reasonably accessible to the small number of school patrons residing in its Stella Community. Some of the school patrons preferred that the Stella children be assigned to the Maysville Elementary School and the Jones Central High School

in Jones County. Others, the petitioners, urged that the Stella children be assigned to the White Oak School in Onslow County.

The State Board of Education, at its May, 1954, meeting, ordered that, "effective at the beginning of the school year 1954-55," the Stella children should attend said Jones County Schools; and the Division of Transportation was instructed to arrange bus routes accordingly.

In August, 1954, by petition in the Superior Court, petitioners challenged the said order of the State Board of Education. They obtained an *ex parte* order, whereby the State Board and others were restrained from enforcing or putting into operation the said order of May, 1954.

The petition was answered by the State Board. At the hearing in December, 1954, Judge Frizzelle upheld the said order of May, 1954, dissolved the restraining order, dismissed the proceeding and ordered that petitioners pay the costs.

Petitioners excepted and appealed. Thereupon, the petitioners brought to the attention of the court the fact that some of the Stella children, permitted to do so by the temporary restraining order, had been attending the White Oak School in Onslow County; and, at the instance of the petitioners, Judge Frizzelle stayed further the said order of May, 1954, as related to the school year 1954-55, pending final determination of petitioners' appeal to this Court.

*Attorney-General McMullan and Assistant Attorney-General Love for respondent State Board of Education, appellee.*

*John D. Larkins, Jr., for respondent Board of Education of Jones County, appellee.*

*Jones, Reed & Griffin for petitioners, appellants.*

*Hughes & Abbott for movants, appellants.*

BOBBITT, J. When this controversy was before the State Board of Education, it had authority to transfer children living in one administrative unit or district to another for the school term without the payment of tuition. G.S. 115-352. Petitioners contended principally that the State Board, in making its said order of May, 1954, did not in fact exercise its independent judgment and failed to comply with procedural requirements.

Whether the said order of May, 1954, was valid, is of no significance now. The controversy has become moot. The petitioners' cause of action, if any they had, has ceased to exist.

During the school year 1954-55, each of the Stella children attended the school, whether in Jones or Onslow, of his choice. While the judgment decided the case against petitioners, petitioners have accomplished their purpose in so far as the school year 1954-55 is concerned.

Under ch. 1372, Session Laws of 1955, subchapter VIII, Art. 19, sec. 3, being a comprehensive rewriting of ch. 115 of the General Statutes, the State Board no longer has the authority formerly vested in it by G.S. 115-352. Now, "pupils residing in one administrative unit may be assigned either with or without the payment of tuition to a school located in another administrative unit upon such terms and conditions as may be agreed in writing between the boards of education of the administrative units involved and entered upon the official records of such boards." Hence, the said order of May, 1954, has no application to any school year subsequent to 1954-55.

The judgment of the court below is presumed to be correct. Unless reversed, upon the merits, by decision on appeal, no part of the costs can be adjudged against the appellees. Moreover, this Court will not pass upon the merits of a controversy that no longer exists, merely to determine who shall pay the costs. *Taylor v. Vann*, 127 N.C. 243, 37 S.E. 263; *Comrs. of Vance County v. Gill*, 126 N.C. 86, 35 S.E. 228; *Herring v. Pugh*, 125 N.C. 437, 34 S.E. 538.

The question as to the validity of said order of May, 1954, having become moot, petitioners' appeal from the judgment of the court below is dismissed.

No judgment adverse to the position taken by Martha Mae Griffin, *et al.*, having been entered by the court below, their purported appeal from the denial of their motion for leave to intervene is dismissed.

Appeal dismissed.