BENVENUE PARENT-TEACHER ASSOCIATION AND CHARLES L. JOHNSON v. THE NASH COUNTY BOARD OF EDUCATION AND NASH COUNTY

No. 16

(Filed 19 November 1969)

**1. Appeal and Error § 9— moot and academic questions**

When, pending an appeal to the Supreme Court, a development occurs by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason

that the Supreme Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.

**2. Appeal and Error § 9— moot and academic questions — dismissal of appeal**

In this action to enjoin a county board of education from diverting a school building from use in the education of elementary school pupils to use by a county technical institute for vocational education of adults, and from expending county tax funds for the maintenance of that building when so used, plaintiff's appeal to the Supreme Court upon constitutional grounds from a decision of the Court of Appeals which affirmed judgment of nonsuit entered in the superior court is dismissed as moot, where all activities of the technical institute at the school building in question have ceased since the decision of the Court of Appeals was rendered, and the school building is now being used exclusively for the education of elementary public school pupils.

APPEAL by plaintiffs from the decision of the Court of Appeals in 4 N.C. App. 617.

The plaintiff Association is an unincorporated association of parents and teachers of children attending the Benvenue Public School in Nash County. The plaintiff Johnson is a resident and taxpayer of the county and the parent of children assigned to that school. They filed suit in 1966 against the Nash County Board of Education, seeking both temporary and permanent injunctive relief. In 1968, upon motion of the original defendant, Nash County was made a defendant.

In their complaint, the plaintiffs prayed for a permanent injunction restraining the Board of Education from: (1) Taking further action pursuant to its plan to divert the building formerly used for the high school classes at Benvenue School "from use as a public school facility for the exclusive use of Nash County Public School pupils"; (2) making the said building available to the Department of Community Colleges of the State Board of Education "for use as a technical or vocational training school, or otherwise"; and (3) expending tax funds of Nash County "for the operation, maintenance or upkeep of the Nash Technical Institute facility," without a vote of the people.

The plaintiffs also sought a temporary restraining order to prevent the Board of Education from: (1) Making any assignments or reassignments of pupils to or from Benvenue School; (2) converting the said building "from a public school facility to a vocational school facility"; (3) making repairs to or "rejuvenating" or making additional classroom space available in other buildings at the Benvenue

School; and (4) taking any action which would tend to effect or fa-cilitate the conversion of the high school building "into a vocational school facility" or otherwise making it unavailable "for public school use by pupils assigned to Benvenue School."

The complaint, as amended three times, alleges in substance: Pursuant to the recommendation of a Citizens Committee, appointed by it in 1961, the County Board of Education, after a public hear-ing, determined upon a comprehensive program for the reorganiza-tion and consolidation of the public schools of Nash County. Prior to that time, the Benvenue Public School was a union school, com-posed of elementary and high school facilities. The proposed plan of reorganization included the construction of a new consolidated high school facility at another point in the county, the transfer thereto of all senior high school students from the Benvenue School, the transfer to the Benvenue School from certain other schools of pupils in the seventh and eighth grades and the conversion of the Ben-venue High School facility into an industrial education center. In furtherance of this plan, the Board of Education took action to make the high school building at the Benvenue School available to the De-partment of Community Colleges of the State Board of Education and requested that department to establish therein the proposed in-dustrial education center. Thereafter, one of the other buildings at the Benvenue School was condemned. To alleviate the overcrowding of pupils resulting from this loss of classroom space and from the proposed use of the building formerly used for the high school, the Board of Education reassigned some of the pupils in the seventh and eighth grades to other public schools and commenced alterations of the condemned building and another so as to provide classrooms for the Benvenue Public School. Such alterations will involve the ex-penditure of a substantial amount of tax funds. The reassignment of the seventh and eighth grade pupils from the Benvenue School would not be necessary if the building formerly used for high school purposes were available for their use. Nash Technical Institute has been formed as part of the Department of Community Colleges. The Board of Education has turned over to the Institute, for its use in operating a technical institute and the teaching of classes in general adult education, the former high school building at Benvenue School and has agreed with the Institute to use tax funds of Nash County to finance the maintenance of the said building and the upkeep of the grounds thereof. Pursuant to that agreement, tax funds of Nash County have been and are being so expended without a vote of the people, in violation of Art. VII, § 6, of the Constitution of North Carolina. The diversion of public school property and revenues to

the operation of the Institute is contrary to Art. IX, § 5, of the Constitution of North Carolina.

A temporary restraining order in accordance with the prayer of the complaint was issued but was dissolved following a hearing thereon. By consent, the matter was then heard by the judge without a jury. It was stipulated that, at the time of the hearing in the superior court, the Nash Technical Institute was operating, in the building formerly used for high school purposes at the Benvenue School, an adult educational unit providing vocational, technical and general adult training, the building having been modified for that purpose by the Board of Education and made available by it to the trustees of the Institute for such use. It was also stipulated that the County Board of Commissioners, without a vote of the people, has appropriated $21,370 "for the Nash County Board of Education for use by Nash Technical Institute Extension Unit" in the 1968-1969 county budget, of which sum $16,870 represents "current operating expense," and $4,500 a "capital outlay." It is further stipulated that, for the year 1968-1969, $269,000 was provided by the State for the operating expenses of the Institute with the approval of the Advisory Budget Commission and of the Governor.

At the close of all the evidence, the superior court, upon the motion by the defendants, dismissed the action as to the Benvenue Parent-Teacher Association and entered a judgment of nonsuit. The plaintiffs appealed to the Court of Appeals, assigning as error the granting of these motions and certain rulings of the superior court with reference to the admission of evidence. The Court of Appeals affirmed the judgment of the superior court.

The plaintiffs then appealed to the Supreme Court on the grounds that: (1) The diversion of the high school building to use as a unit of the Department of Community Colleges for training adults violated Art. IX, § 5, of the Constitution of North Carolina; and (2) the appropriation and expenditure of county tax funds for the purpose of maintaining and operating Nash Technical Institute, without a vote of the people, violated Art. VII, § 6, of the Constitution of North Carolina.

After the appeal was docketed in the Supreme Court, the defendants moved to dismiss the appeal as moot for the reason that, as shown by affidavit, on 2 September 1969, following the appeal to the Supreme Court, Nash Technical Institute moved its operations from the building at the Benvenue School to a building formerly used as a public school known as Stony Creek School, and the Benvenue School is now in use as an elementary public school.

The plaintiffs do not deny these facts, but assert that the appeal is not thereby rendered moot since the lawfulness of the use of tax funds to assist in the operation of a technical institute for adults, without a vote of the people of the county, is not affected by these developments.

*Don Evans for plaintiff appellants.*

*I. T. Valentine, Jr., for Nash County Board of Education.*

*James W. Keel, Jr., for Nash County.*

LAKE, J.

[1]  When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court. *Kendrick v. Cain,* 272 N.C. 719, 159 S.E. 2d 33; *In re Assignment of School Children,* 242 N.C. 500, 87 S.E. 2d 911; *Savage v. Kinston,* 238 N.C. 551, 78 S.E. 2d 318; *Cochran v. Rowe,* 225 N.C. 645, 36 S.E. 2d 75; *Glenn v. Culbreth,* 197 N.C. 675, 150 S.E. 332; *Reid v. R. R.,* 162 N.C. 355, 78 S.E. 306; *Wallace v. North Wilkesboro,* 151 N.C. 614, 66 S.E. 657; *Wikel v. Commissioners,* 120 N.C. 451, 27 S.E. 117; *Russell v. Campbell,* 112 N.C. 404, 17 S.E. 149; Strong, N. C. Index 2d, Appeal and Error, § 9. Such a situation may arise where there has been a settlement and release of the plaintiff's claim following the judgment in the lower court (*Kendrick v. Cain, supra*), or where, by the repeal of a statute, an administrative board is deprived entirely of a power which the plaintiff sought to restrain it from exercising in alleged disregard of procedural requirements in effect when the judgment below was rendered (*In re Assignment of School Children, supra*), or where, pending his appeal from a judgment denying restitution to him of certain personal property, the appellant has come into its possession (*Russell v. Campbell, supra*), or a temporary restraining order having been dissolved, the transaction which the plaintiff sought to enjoin is completed pending the appeal (*Wallace v. North Wilkesboro, supra*).

In the present action, the plaintiffs complained of and sought to enjoin the defendant Board of Education from doing two things: (1) Diverting a specific building at the Benvenue School from use in the education of pupils in grades 1 through 8 to use by the Nash Technical Institute for vocational education of adults; (2) the ex-

penditure of county tax funds for the maintenance and upkeep of that building when so used. While the prayer of the complaint for injunctive relief against expenditures is stated in terms broad enough to include any expenditures for the operation of the "Nash Technical Institute facility," the only such facility to which reference is made in the complaint is that alleged to have been in operation in the said building at the Benvenue School and the only expenditures alleged in the complaint are those made "for the maintenance and upkeep of the said high school building."

[2] Since the decision of the Court of Appeals was rendered, all activities of the Nash Technical Institute at the Benvenue School have ceased, the Institute has moved to a new location and the building in question has been reallocated by the Board of Education to, and is being used by it exclusively for, the education of elementary public school pupils. Consequently, though the plaintiffs did not prevail in the lower courts, the acts and proposed acts against which they sought injunctive relief have now been discontinued. It is not suggested that a renewal of them, or any of them, is contemplated. Thus, the controversies which were the subject matter of this action have ceased to exist and questions raised by the appeal are moot.

In *Wikel v. Commissioners, supra,* this Court refused to consider an appeal raising grave questions of constitutional law where, pending the appeal to it, the cause of action had been destroyed so that the questions had become moot. Similarly, we decline in this action to pass upon the constitutional questions which were brought to us by this appeal but which have now become abstract questions of law.

We, therefore, neither approve nor disapprove the rulings of the Court of Appeals or those of the superior court in the present action. The authority of the defendants, or either of them, to permit the use by the Nash Technical Institute of any properties at the Stony Creek School or to appropriate or expend any tax funds for the aid of the Institute in any operation by it at the Stony Creek School is not before us in the present matter.

Appeal dismissed.