In re Craddock

---

---

IN THE MATTER OF CHARLENE DAWN CRADDOCK

No. 7917DC845

(Filed 1 April 1980)

Appeal and Error § 9— order awarding custody of neglected child—custody changed pending appeal—appeal moot

Questions raised by the parents of an allegedly neglected child concerning the validity of a proceeding which resulted in the placement of custody in the county department of social services were rendered moot since, pending appeal, the district court entered an order returning the legal custody of the child to her parents and terminating the custody of the department of social services.

APPEAL by defendant from *McHugh, Judge.* Order entered 4 June 1979 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 1 February 1980.

Charlene Dawn Craddock is the infant child of Debbie Craddock and Charles Cox. On 27 March 1979, Charlene was admitted to Moses Cone Hospital in Greensboro following a seizure. Upon examination by Dr. Martha Sharpless, it was determined that Charlene had a chronological age of eight months, but a developmental age of five months. She was diagnosed as suffering from hemiparesis, a slight paralysis or weakness affecting the muscles on one side or half of the body. Charlene's encephalograph was abnormal and she was suffering from a seizure disorder of unknown origin. Her condition was diagnosed as "failure to thrive." Dr. Sharpless communicated these findings to the Rockingham County Department of Social Services (DSS).

Charlene remained in the hospital for approximately one month. On 10 April 1979, the DSS filed a petition in the District Court in which it was alleged that Charlene was a neglected child as defined by G.S. 7A-278(4), and the DSS prayed for a hearing to determine whether the child was in need of the care, protection and discipline of the court. On the same day, an immediate order was issued to the DSS to take custody of Charlene and place her in a foster home, pending a hearing on the merits. Neither the petition nor the immediate custody order was served on either parent. On 13 April 1979 a juvenile order was issued by the District Court, providing that Charlene remain in the custody of the DSS until a hearing was held on the merits. On 12 May 1979, Debbie Craddock was served with a juvenile summons and a copy of the petition. On 18 May 1979, respondent appeared and moved to dismiss and to quash the summons. That motion was denied. On the same day, the court entered an order appointing George Fulp as guardian *ad litem* for Charlene.

At the 4 June 1979 hearing, the State presented the testimony of Dr. Sharpless, Donnie Lawson, an employee of DSS, and Mrs. Barbara Knight, a public health nurse in Rockingham County. They testified as to Charlene's health, the conditions in her mother's home, and the relationship between the child and her parents. There was evidence of neglect, but no evidence of abuse. The parents did not testify. Following the hearing, the trial court entered an order finding Charlene to be a dependent child within the meaning of G.S. 7A-278(3). The court found that it was in the best interest of the child that her physical custody be placed with her mother, but that legal custody remain with the

DSS. The court ordered further interviews between the parents and Dr. Sharpless, counseling between the parents and the Rockingham County Mental Health Department, and that regular reports be issued by the Department as to the progress of the counseling sessions. The court retained jurisdiction of the matter.

*Attorney General Rufus L. Edmisten, by Associate Attorney Mary Elizabeth Noonan, for petitioner appellee.*

*Smith, Moore, Smith, Schell & Hunter, by Suzanne Reynolds, and Leigh Rodenbough, for respondent appellants.*

*George Fulp for the child.*

WELLS, Judge.

Respondent parents have brought forward assignments of error in which they assail the proceedings as void for lack of proper notice to the parents, violating their rights to substantive and procedural due process. They also call into question the constitutionality of G.S. 7A-278(4) and former G.S. 7A-284 for "vagueness". Counsel for both respondents and the state have presented excellent briefs and arguments. We do not reach the questions presented, however, for the reason that they are now moot. Upon recommendation of the DSS, on 26 November 1979, the District Court entered an order returning the legal custody of Charlene to her parents and terminating the custody of the DSS. Pursuant to the then existing provisions of G.S. 7A-289, the trial court had jurisdiction to enter such an order. Thus, there is now no existing controversy for this Court to resolve. "When, pending an appeal to this Court, a development occurs, by reason of which the questions in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court." *Parent Teacher Assoc. v. Bd. of Education,* 275 N.C. 675, 679, 170 S.E. 2d 473, 476 (1969).

Appellants have expressed concern as to the finality of the trial court's order of 26 November 1979, thus suggesting that the matter in controversy may not have been rendered moot by that order. We hold that the order of 26 November 1979 finally

disposes of this matter and finally determines the matters in controversy in this case.

Appeal dismissed.

Judges MARTIN (Robert M.) and ERWIN concur.