NEWS AND OBSERVER PUBLISHING CO. v. POOLE

[99 N.C. App. 352 (1990)]

———————

THE NEWS AND OBSERVER PUBLISHING COMPANY, INC.; THE NORTH CAROLINA FIRST AMENDMENT FOUNDATION, INC.; AND THE NORTH CAROLINA PRESS ASSOCIATION v. SAMUEL H. POOLE, DEAN W. COLVARD, C. C. CAMERON, WILLIAM A. KLOPMAN AND HELLON SENTER

No. 8910SC1313

(Filed 3 July 1990)

**Appeal and Error § 175 (NCI4th)— index of documents ordered—
trial on merits—appeal from order moot**

    This appeal from an order of the trial court requiring defendants to provide an index of the documents in issue is dismissed as moot where plaintiffs proceeded with the merits of their action without the ordered index and the trial court issued a final order determining that the documents sought by plaintiffs were public records required by defendant to be made available for public inspection and examination.

**Am Jur 2d, Appeal and Error §§ 80, 761-763.**

APPEAL by defendants from order entered 17 November 1989 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 5 June 1990.

*Attorney General Lacy H. Thornburg, by Chief Deputy Attorney General Andrew A. Vanore, Jr. and Assistant Attorney General K. D. Sturgis, for defendants-appellants.*

*Everett Hancock & Stevens, by Hugh Stevens, for plaintiffs-appellees.*

JOHNSON, Judge.

Plaintiffs filed this action pursuant to the Public Records Law, G.S. §§ 132-1 *et seq.* to obtain access to certain documents made or received by defendants in their capacity as members of the "Poole Commission." Defendants appeal that aspect of the 17 November 1989 trial court order which required them to "file with the [c]ourt, and serve upon the [p]laintiffs, an index of the documents at issue." The trial court stated in its order that "[a]n index of the documents at issue would assist the [c]ourt in its ultimate determination of this matter." Judge Bailey stayed operation of this portion of his order pending this appeal.

This Court takes judicial notice of the fact that since the 17 November order, the plaintiffs elected to proceed with the merits of their action even though defendants had not provided them with an index to the documents they sought. We further notice that on 18 April 1990, Superior Court Judge Henry V. Barnette, Jr. issued a final order in which he determined, *inter alia*, that the documents sought by plaintiffs are public records, and that defendants must make them available for public inspection and examinations.

It is well established that "[w]henever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978); *Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969).

We hold that the issue raised by this appeal is moot as it can have no effect on the existing controversy between the parties,

and the question is not genuinely at issue at this stage of litigation. *Id.* We, therefore, *ex mero motu,* dismiss this action.

Dismissed.

Judges PHILLIPS and PARKER concur.