CORPENING INSURANCE CENTER, INC., Plaintiff v. LEILA R. HAAFF, f/k/a LEILA R. IMBRIANI, Defendant

No. COA01-1514

(Filed 19 November 2002)

**Appeal and Error— mootness—expired non-competition agreement**

An appeal was dismissed as moot where petitioner sought an injunction to enforce a non-competition agreement which expired while the appeal was pending.

Appeal by plaintiff from judgment entered 16 October 2001 by Judge Melzer A. Morgan, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 12 September 2002.

*Keziah, Gates & Samet, L.L.P., by Andrew S. Lasine, for plaintiff-appellant.*

*Robert E. Sheahan & Associates, by Robert E. Sheahan, for defendant-appellee.*

---

HUDSON, Judge.

Plaintiff Corpening Insurance Center ("Corpening") sued its former employee Leila R. Haaff ("Haaff") in June 2001. In its complaint, Corpening alleged that Haaff had violated the duties of loyalty and non-competition contained in the employment agreement that Haaff had signed prior to beginning work. Corpening also moved for a preliminary injunction, which the trial court denied. Corpening then appealed. For the reasons set forth below, we dismiss this appeal as moot.

Corpening, an insurance agency, hired Haaff in 1987 to work as a producer (sales agent) and a customer service representative. In this capacity, Haaff sold and serviced personal and commercial insurance products, as well as group life and health insurance. She acted both to solicit new business on Corpening's behalf and to service existing accounts.

As a condition of employment, Haaff signed an employment contract, in which she agreed that she would not:

> within the City of High Point and Archdale within 18 months from the termination of employment, canvass or advertise for, or otherwise assist anyone engaged in, nor herself engage directly or indirectly in any line of business carried on or contemplated at the time of the termination of her employment by her Employer, nor furnish information directly or indirectly to anyone engaged or interested in any such line of business.

Haaff received $500 for signing the contract.

On April 19, 2001, Haaff voluntarily terminated her employment with Corpening. The next day, she formed a corporation known as Liberty Insurance Agency, Inc. ("Liberty"), located in Liberty, North Carolina, which offered property, casualty, life, and health coverage for individuals and groups. Haaff had contracted to buy the assets of the Liberty agency from its previous owners in March 2001.

Before she terminated her employment with Corpening, Haaff informed her clients there that she was leaving the company to open her own agency. Haaff then solicited business from these existing accounts and, in many cases, was able to secure "agent of record" letters, designating her as the exclusive agent for the accounts to the exclusion of Corpening. Some of these accounts were located in High Point or Archdale.

Moreover, Haaff had an arrangement with Vickie Jones ("Jones"), another former Corpening employer, whereby Jones worked for Haaff part-time as a sales representative. Jones solicited accounts in High Point, accounts that Haaff serviced during her employment at Corpening, for the purpose of securing those accounts.

Corpening filed suit on June 1, 2001, alleging that Haaff had violated her contractual duties of loyalty and noncompetition. Corpening also requested preliminary and permanent injunctions, an accounting, and damages. Haaff answered Corpening's complaint and filed five counterclaims, including a counterclaim for fraud. Corpening moved to dismiss the fraud counterclaim for failure to state a claim upon which relief could be granted. The superior court granted that motion.

On August 20, 2001, Corpening filed its motion for a preliminary injunction to enjoin Haaff from violating the terms of the employment agreement. The court denied the motion. The court found that the covenant not to compete was "broader than necessary to protect plaintiff's legitimate business interests." Specifically, the agreement "purports to prohibit defendant from providing assistance to anyone engaged in any line of business carried on by plaintiff or from assisting anyone engaged in any line of insurance business contemplated by plaintiff at the time of the termination of her employment rather than restricting defendant from competing as an agent in the actual personal sale of insurance products." The court also found objectionable the fact that the covenant not to compete would "prevent defendant from working as a secretary, receptionist, adjuster, or custodian for or in an insurance agency." In the court's view, because the "overly broad restrictions [were] not separable," plaintiff had failed to demonstrate a reasonable likelihood of success at trial. Corpening then appealed to this Court.

A preliminary injunction is interlocutory. *Rug Doctor, L.P. v. Prate*, 143 N.C. App. 343, 345, 545 S.E.2d 766, 767 (2001). No appeal lies from a trial court's denial of a preliminary injunction unless the appellant would be deprived of a substantial right that he would lose absent review prior to final determination. *Id.*; see also N.C. Gen. Stat. § 7A-27(d)(1) (2001). However, "[w]hen, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have

won in the lower court." *Benvenue Parent-Teacher Ass'n v. Nash County Bd. of Educ.*, 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969). Accordingly, a "plaintiff can only seek to enforce [a] covenant for the period of time within which the covenant proscribes." *Rug Doctor*, 143 N.C. App. at 345, 545 S.E.2d at 767.

In *Rug Doctor*, the plaintiff employer sued to enforce a covenant not to compete, but the covenant expired while the case was on appeal. 143 N.C. App. at 346, 545 S.E.2d at 768. This Court declined to address the merits because the "questions raised . . . regarding injunctive relief have been rendered moot by the passage of time." *Id.*; see also *Herff Jones Co. v. Allegood*, 35 N.C. App. 475, 479, 241 S.E.2d 700, 702 (1978) (same; because the covenant not to compete expired while the case was on appeal, "questions relating to the propriety of the injunctive relief granted below are not before us"). Cf. *Benvenue Parent-Teacher Ass'n*, 275 N.C at 680, 170 S.E.2d at 477 (where acts against which plaintiffs had sought injunctive relief were discontinued, the "controversies which were the subject matter of this action have ceased to exist and questions raised by the appeal are moot").

In *A.E.P Industries, Inc. v. McClure*, however, a divided Supreme Court decided that the trial court had erred in denying the plaintiff's request for injunctive relief even though the basis for the request—also a covenant not to compete—had expired pending appeal. 308 N.C. 393, 401, 302 S.E.2d 754, 759 (1983). A majority of that Court noted that the appellate process is not the procedural mechanism best suited for resolving the dispute and that the parties would be better advised to seek a final determination on the merits at the earliest possible time. *Id.* Nonetheless, the Court went on to address the merits. *Id.* In the Court's view, "because this case presents an important question affecting the respective rights of employers and employees who choose to execute agreements involving covenants not to compete, we have determined to address the issues." *Id.*

In this case, the covenant not to compete that Corpening is seeking to enforce expired eighteen months after the termination of employment. Haaff terminated her employment on April 19, 2001; therefore, the covenant was in effect only through October 19, 2002. That date has passed. Accordingly, we follow *Benvenue Parent-Teacher Ass'n, Rug Doctor, and Herff Jones* and decline to address the merits because "questions raised by [Corpening] . . . regarding injunctive relief have been rendered moot by the passage of time." *Rug Doctor*, 143 N.C. App. at 346, 545 S.E.2d at 768. It is not this

Court's—or any court's—function to "entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court." *Benvenue Parent-Teacher Ass'n*, 275 N.C. at 679, 170 S.E.2d at 476.

For the reasons set forth above, this appeal is dismissed as moot.

Dismissed.

Judges TIMMONS-GOODSON and CAMPBELL concur.