An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1032-2

NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

ALLEN INDUSTRIES, INC.,
 Plaintiff-Appellee,

v.

JODY P. KLUTTZ,
 Defendant-Appellant.

Guilford County
No. 13 CVS 5637

Appeal by Defendant from order entered 28 June 2013 by Judge Ronald E. Spivey in Superior Court, Guilford County. Heard originally in the Court of Appeals 4 February 2014, and unpublished opinion filed 18 March 2014. A petition for rehearing was filed 11 April 2014. Pursuant to the petition for rehearing, the matter was reheard in the Court of Appeals. This opinion supersedes the 18 March 2014 opinion previously filed in this matter.

> *Tuggle Duggins P.A., by Denis E. Jacobson and Martha R. Sacrinty, for Plaintiff-Appellee.*

> *Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by James R. DeMay and James E. Scarbrough, for Defendant-Appellant.*

McGEE, Judge.

Allen Industries, Inc. ("Plaintiff") filed a complaint on 9 May 2013 against Jody P. Kluttz ("Defendant"), alleging breach of employment contract and seeking injunctive relief and damages. The employment contract that Plaintiff and Defendant entered into on 21 September 2009 contained the following covenant:

> During the term of his employment hereunder and for a period of one (1) year thereafter, the Employee will not within the State of North Carolina, South Carolina, Virginia, Georgia, Tennessee, or Florida directly or indirectly, own, manage, operate, control, be employed by, participate in or be connected in any manner with the ownership, management, operation or control of any business in the same industry as that of the Employer at the time of the termination of Employment of the Employee hereunder.

Plaintiff filed a motion on 9 May 2013 seeking a preliminary injunction enjoining Defendant from, *inter alia*, "being employed by . . . any business in the same industry as that of [Plaintiff] in the states of North Carolina, South Carolina, Virginia, Georgia, Tennessee, or Florida" until 15 March 2014. The trial court granted Plaintiff's motion in an order entered 28 June 2013, enjoining Defendant from the above conduct "through March 14, 2014[.]" Defendant appeals from the trial court's 28 June 2013 order granting Plaintiff's motion for preliminary injunction.

Defendant filed a motion to stay and/or modify enforcement

of the preliminary injunction order pending appeal on 3 July 2013. The trial court denied Defendant's motion in an order entered 15 July 2013, and Defendant does not appeal from this order. Furthermore, no motion for a temporary stay or petition for writ of supersedeas was granted by this Court. As a result, the preliminary injunction has expired by its own terms.

"A preliminary injunction is interlocutory in nature and no appeal lies from such order unless it deprives the appellant of a substantial right which he would lose absent immediate review." *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 466, 556 S.E.2d 331, 334 (2001) (citing *A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983)); *see also* N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3)(a) (2013).

When "the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed for the reason that this Court will not entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won" in the trial court. *Corpening Ins. Ctr., Inc. v. Haaff*, 154 N.C. App. 190, 192-93, 573 S.E.2d 164, 165 (2002). "Our Supreme Court has stated that 'where time is of the essence, the appellate process is not the procedural mechanism best suited for resolving the

dispute. The parties would be better advised to seek a final determination on the merits at the earliest possible time.'" *Wade S. Dunbar Ins. Agency, Inc.*, 147 N.C. App. at 467, 556 S.E.2d at 334 (quoting *A.E.P. Industries*, 308 N.C. at 401, 302 S.E.2d at 759).

Where "the restrictions imposed by a preliminary injunction expire within the pendency of an appeal, issues concerning the propriety of the injunctive relief granted are rendered moot by the passage of time." *Artis & Assocs. v. Auditore*, 154 N.C. App. 508, 510, 572 S.E.2d 198, 199 (2002). In "the case of a covenant not to compete, a plaintiff can only seek to enforce the covenant for the period of time within which the covenant proscribes." *Rug Doctor, L.P. v. Prate*, 143 N.C. App. 343, 345, 545 S.E.2d 766, 767 (2001).

"It is not this Court's—or any court's—function to entertain or proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court." *Corpening*, 154 N.C. App. at 193-94, 573 S.E.2d at 166 (internal quotation marks omitted). In *Corpening*, the non-compete covenant expired on 19 October 2002. *Id.* at 193, 573 S.E.2d at 166. This Court heard the appeal on 12 September 2002, and the opinion was filed on 19 November 2002. This Court dismissed the appeal because the issues

regarding injunctive relief had been rendered moot by the passage of time. *Id.* at 193-94, 573 S.E.2d at 166.

Likewise, in the present case, the one-year time limitation of the non-compete covenant expired on 15 March 2014. That date has passed. We decline to address the merits of the appeal because the issues on appeal regarding injunctive relief have been rendered moot by the passage of time. *See Corpening*, 154 N.C. App. at 193, 573 S.E.2d at 166.

Dismissed.

Judges STEELMAN and ERVIN concurred.

Report per Rule 30(e).